UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Evgeny Okmyansky,<br>          Plaintiff,<br><br>v.<br><br>Herbalife International of<br>America, Inc.,<br>          Defendant | Civil Action No. 03-10574-JLT |

## PLAINTIFF'S MOTION TO VACATE ORDER OF DISMISSAL

Now comes Evgeny Okmyansky, plaintiff in the above-captioned matter, and hereby moves that this Court vacate Order of Dismissal recently entered in the above-captioned matter, all for the foregoing reasons:

1. The Order was entered as a result of the plaintiff's inadvertent failure to attend a case management conference scheduled on July 1, 2003. The dismissal is without prejudice.

2. Prior to the conference, counsel for the parties conferred and engaged in substantive preparation for the conference in accordance with provisions of FRCP 16, LRCP 16, and the Court order of May 28, 2003. The parties exchanged sworn statements pursuant to the Court Order dated May 28, 2003, and in accordance with applicable provisions of FRCP 26 and LRCP 26.1(B).

3. The parties have also complied with the obligations to explore the settlement prospects of the case, identified the principal preliminary issues in contention

1

(choice of law and venue), and prepared a specific bifurcated discovery plan and schedule for Court approval, filed with the Court on June 20, 2003.

4. The plaintiff's counsel did not appear at the scheduling conference solely because he operated under a mistaken belief that the conference had been postponed until a later date. The parties were adequately prepared for the conference as is evidenced by the documents appearing on the court docket in this matter, and the fact that prior to the conference counsel for the parties worked together to devise and adopt a joint discovery plan.

5. Dismissal is usually a final resort in the Court's arsenal used to ensure compliance with discovery rules and proper court practice. *See e.g. Marx v. Kelly Hart & Hallman, PC*, 929 F.2d 8, 10 (1st Cir.1991)(discussing dismissal with prejudice). Dismissal for immaterial procedural deviations, such as the one here, is discouraged as running afoul of the "'strong policy favoring the disposition of cases on the merits.'" *Id.*, quoting *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 647 (1st Cir.1990).

6. Dismissal is usually warranted in cases of where the court finds "a deliberate pattern of delay and disregard for court procedures," *Marx, supra*, at 10, "[disregarding] warnings, … contumacious conduct," all in light of "repeated warnings." *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertel v. Medfit Int'l, Inc.*, 982 F.2d 686, 692 (1993)(emphasis supplied). Sanctions are also warranted where a party acts in "'general non-cooperative and contentious manner' … [so as to] supass[] the threshold of egregiousness," "regularly def[ying] court orders." *Jones v. Winnepesaukee Realty*, 990 F.2d 1 (1st Cir.1993)(emphasis supplied); *see also Morgan v. Massachusetts General Hospital*, 712 F.Supp. 242, 259-63 (1989), *rev'd*

*on other grounds.* (dismissal warranted for "a persistent pattern of disregarding or disobeying the requirements of the Federal Rules of Civil Procedure, the Local Rules for the Federal District Court for District of Massachusetts, and explicit court orders.")(emphasis added).

7. No such circumstances are present in this case, where the plaintiff worked productively and in good faith to prepare for the case management conference, where the parties prepared and submitted to the Court a joint discovery plan, where the plaintiff made timely mandatory initial disclosures, amply demonstrating his good faith and readiness to cooperate in resolution of this matter in the most efficient manner.

8. Federal Rules of Civil Procedure do not contemplate dismissal for failure to attend a scheduling conference. *See* FRCP Rule 16, referring to FRCP Rule 37(b)(2)(B)-(D). Rule 1.3 of the Local Rules of Procedure does provide that failure to obey the local rules "may result in dismissal, default, or the imposition of other sanctions as deemed appropriate."

9. The sanctions imposed must be "just." *See Marx, supra,* at 10. Dismissal is unwarranted in the present situation and will result in too harsh a penalty upon the plaintiff, where he in fact complied with all requirements of the Rules but for his counsel's inadvertent failure to attend the conference.

10. No prejudice will result to the defendant from the allowance of this motion given the age and procedural posture of this action. No substantive discovery or any other action has been undertaken in this matter to date.

11. The plaintiff will be prejudiced fatally if this action is not allowed to proceed.

By his attorneys,

_____
Joel Z. Eigerman, BBO No. 152000
Pavel Bespalko, BBO No. 654315
50 Congress Street, Suite 200
Boston, MA 02109
617 367 0014

July 8, 2003

### CERTIFICATION OF COMPLIANCE WITH RULE 3.01(b)

I, Pavel Bespalko, hereby certify that I conferred and have attempted in good faith to resolve the issues presented within this motion with Annapoorni Sankaran, Esquire, counsel for defendant.

_____
Pavel Bespalko

### CERTIFICATE OF SERVICE

I, Pavel Bespalko, hereby certify that I served the foregoing document upon the defendant by mailing the same via first-class mail, postage pre-paid, to its counsel Paul Greenberg, Esq. of Greenberg & Traurig, at One International Place, Boston, MA 02110 this 10 day of July, 2003.

_____
Pavel Bespalko