UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EVGENY OKMYANSKY,

     Plaintiff,

v.

HERBALIFE INTERNATIONAL OF
AMERICA, INC.,

     Defendant.

CIVIL ACTION NO: 03-10574-JLT

## DECLARATION OF ANNAPOORNI R. SANKARAN

I, Annapoorni R. Sankaran declare and say:

1.     I am an associate at Greenberg Traurig, LLP, and, along with Gary Greenberg, Esq., am counsel of record for defendant Herbalife International of America, Inc. ("Herbalife"). I submit this Declaration in support of Plaintiff's Motion for a Protective Order and I have personal knowledge of all the facts set forth in this Declaration.

2.     A true and accurate copy of the <u>Notice of F.R.C.P. Rule 30(b)(6) Deposition</u> served by plaintiff Evgeny Okmyansky ("Okmyansky") is attached hereto as Exhibit A.

3.     A true and accurate copy of a letter date February 19, 2004 to me from Pavel Bespalko, Esq., counsel for Okmyansky, is attached hereto as Exhibit B. I agreed to Mr. Bespalko's request to change the dates of the depositions of the FED. R. CIV. P. 30(b)(6) designees of Herbalife and of Okmyansky and told Mr. Baspalko that I would give him dates my clients were available.

4.     A true and accurate copy of a letter to me from Mr. Bespalko dated March 4, 2004 is attached hereto as Exhibit C.

5.     A true and accurate copy of my letter to Mr. Bespalko dated March 4, 2004 is

attached hereto as Exhibit D.

6.     A true and accurate copy of another letter from Mr. Bespalko to me dated March 4, 2004 is attached hereto as Exhibit E.

7.     A true and accurate copy of my letter to Mr. Bespalko dated March 5, 2004 is attached hereto as Exhibit F.

8.     A true and accurate copy of Plaintiff's Answers to First Set of Interrogatories is attached hereto as Exhibit G.

9.     A true and accurate copy of a letter from Mr. Bespalko to me dated March 20, 2004 is attached hereto as Exhibit H.

10.     On March 11, 2004, I called Mr. Bespalko and informed him that Herbalife was agreeable to a telephone deposition of the Herbalife FED. R. CIV. P. 30(b)(6) designees.  In response, Mr. Bespalko said that he would only agree to such if Herbalife agreed to take Okmyansky's deposition by telephone.  As plaintiff chose Massachusetts as the forum state, Herbalife was not agreeable to taking a deposition of Okmyansky by telephone.

11.     It would be a hardship for the FED. R. CIV. P. 30(b)(6) designees of Herbalife Jackie Fisher ("Fisher") and Vicki Tuchman ("Tuchman") to interrupt their daily business activities to travel to Massachusetts to prepare for and attend their respective depositions.  Both Tuchman and Fisher are available for deposition on March 23, 2004.   Tuchman and Fisher do not generally do any of their business activities in Massachusetts and have no trips to Massachusetts scheduled.

12.     A true and accurate copy of a letter from Mr. Bespalko to me dated March 11, 2004 is attached hereto as Exhibit I.  My response is contained in the accompanying Motion for a Protective Order.

**SIGNED UNDER THE PENALTIES OF PERJURY THIS 11th DAY OF MARCH 2004.**

ANNAPOORNI R. SANKARAN

CERTIFICATE OF SERVICE

I Annapoorni R. Sankaran, hereby certify that on March 12, 2004, I will serve a copy of the foregoing by hand upon:

Joel Z. Eigerman, Esq.
Pavel Bespalko, Esq.
Law Officers of Joel Z. Eigerman, Esq.
50 Congress Street
Boston, MA  02109
(617) 523-3050

Annapoorni R. Sankaran