# EXHIBIT "E"

# LAW OFFICES OF JOEL Z. EIGERMAN, ESQ.
## 50 CONGRESS STREET, SUITE 200
### BOSTON, MA 02109
### T: 617-818-1982
### F: 617-523-5612

## FACSIMILE TRANSMITTAL SHEET

| ATTENTION: | FROM: |
|---|---|
| Anna Sankaran, Esq. | Pavel Bespalko, Esq. |
| COMPANY: | DATE: |
| Greenberg & Traurig | MARCH 4, 2004 |
| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
| 617 310 6001 | 27 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| 617 310 6000 | |

RE:
*Oknyansky v. Herbalife Int'l of America, Inc.*,
US Dist. Ct. C.A. No. 03-10574-JLT

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

*********CONFIDENTIALITY NOTE*********

The documents accompanying this telecopy transmission contain information from the law office of Joel Z. Eigerman which is confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this telecopied information is prohibited. If you have received this telecopy in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.

Law Office of
# Joel Z. Eigerman
50 Congress Street, Suite 200
Boston, Massachusetts 02109

Pavel Bespalko, Esq.
Tel (617) 818-1982
Fax (617) 523-5612

Thursday, March 04, 2004

VIA FACSIMILE 617 310 6001 AND
FIRST CLASS MAIL

Annapoorni Sankaran, Esquire
Greenberg Traurig
One International Place
Boston, MA 02110

Re:    *Okmyansky v. Herbalife Int'l of America, Inc.*,
       U.S. District Court C.A. No. 03-10574JLT

Dear Ms. Sankaran:

     Your answer to my request to provide discovery responses does possess certain creative appeal. It also lacks any substantive merit. The order you refer to does not serve to supersede Rules of Civil Procedure, but imposes a deadline for Phase I discovery. By your logic any Tracking Order would erase all limitations of Rule 34. The fact is, rather simply, that your client was to serve its responses to request for production within thirty days from the date of service, January 28, 2004, and before the deposition of the defendant which originally scheduled for tomorrow. It has not done so. If you require an extension until March 12, 2004, you may have it, given that today is March 4. After that date, I will move to compel and for sanctions.

     The notice of deposition served upon you on January 28, 2004, states quite clearly that the deposition is to occur at our offices in Boston. Your client has had the benefit of the notice for over a month and voiced no concern as to the place of the deposition. Herbalife's designee's availability in Los Angeles, CA, is of no greater moment than their availability in Colorado, Beirut or Beijing. They will be expected to appear in Massachusetts. I will serve a re-Notice of Deposition shortly.

     Please contact me if you wish to discuss this.

Very truly yours,

*/s/ Pavel Bespalko*
Pavel Bespalko

email: pavel@bespalko.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 03-10574-JLT

Evgeny Okmyansky,
        Plaintiff,

v.

Herbalife International of
America, Inc.,
        Defendant

PLAINTIFF'S RESPONSE TO REQUEST FOR ADMISSIONS

Now comes Evgeny Okmyansky, plaintiff in the above-captioned matter, and hereby responds to the Defendant's First Request for Admissions as follows:

REQUEST NO. 1:

You knew as early as 1994 that Valentina Borisova signed a contract with Fred Weidel.

RESPONSE NO. 1:

Admitted.

REQUEST NO. 2:

You knew prior to February 24, 1997 that the defendant withheld payments and commissions from you that the defendant believed were improperly distributed to you.

RESPONSE NO. 2:

The plaintiff cannot conclusively respond to this request as the same is unduly vague and it is not apparent what commissions and payments are being referred to. The plaintiff admits that it was and is a routine practice of the defendant and a part of the contractual arrangement

1

between the parties that improperly distributed royalties and other payments obtained in violation of the contract are withheld from payments disbursed to him.

REQUEST NO. 3:

You knew prior to February 24, 1997 that you would not receive an activity transfer in the case of Valentina Borisova.

RESPONSE NO. 3:

Denied.

REQUEST NO. 4:

You knew prior to June 30, 1998 that you would not receive an activity transfer in the case of Valery Novorussov.

RESPONSE NO. 4:

Denied.

REQUEST NO. 5:

You knew as early as July 31, 1998 that you would not receive an activity transfer in the case of Michaele Archavski.

RESPONSE NO. 5:

Denied.

REQUEST NO. 6:

You knew as early as July 31, 1998 that you would not receive an activity transfer in the case of Elena Goliberenko.

REQUEST NO. 6:

Denied.

2

REQUEST NO. 7:

You knew as early as July 31, 1998 that you would not receive an activity transfer in the case of Mikhail Gorbatov.

RESPONSE NO. 7:

Denied.

REQUEST NO. 8:

You knew prior to December 15, 1998 that you would not receive an activity transfer in the case of Olga Zakarikina.

RESPONSE NO. 8:

Denied.

REQUEST NO. 9:

You knew prior to December 15, 1998 that you would not receive an activity transfer in the case of Olga Muzalova.

RESPONSE NO. 9:

Denied.

REQUEST NO. 10:

You knew prior to December 15, 1998 that you would not receive an activity transfer in the case of Valentina Muronov.

RESPONSE NO. 10:

Denied.

REQUEST NO. 11:

You knew prior to December 15, 1998 that you would not receive an activity transfer in the case of Svetlana Mirgozodskaya.

3

RESPONSE NO. 11:

Denied.

REQUEST NO. 12:

You knew prior to December 15, 1998 that you would not receive an activity transfer in the case of Elena Kadisheva.

RESPONSE NO. 12:

Denied.

REQUEST NO. 13:

You knew prior to December 15, 1998 that you would not receive an activity transfer in the case of Kamil Ishkinyaev.

RESPONSE NO. 13:

Denied.

REQUEST NO. 14:

You knew prior to April 15, 1998 that Herbalife denied you were owed any money for the case identified as RSDD129 in your correspondence dated April 15, 1998 to Carol Hannah.

RESPONSE NO. 14:

Denied. Herbalife has *never* denied that the plaintiff was owed moneys for the improperly diverted distributors.

REQUEST NO. 15:

You knew prior to March 19, 1999 that Herbalife denied you were owed any money for the case you identified as RSDD000604 in your correspondence dated March 19, 1999.

RESPONSE NO. 15:

Denied.

4

REQUEST NO. 16:

You knew as early as 1994 that the defendant had not compensated you for certain down-line organizations which you claim had been improperly diverted from you.

RESPONSE NO. 16:

Admitted.

Signed this __1__ day of March 2004 under pains and penalties of applicable statutes.

_____
Yevgeny Okmyansky

March 4, 2004

### CERTIFICATE OF SERVICE

I, Pavel Bespalko, hereby certify that I served the foregoing document upon the defendant by mailing the same via first-class mail, postage pre-paid, to its counsel Annapoorni Sankaran, Esq. of Greenberg & Traurig, at One International Place, Boston, MA 02110 this __4__ day of March, 2004.

_____
Pavel Bespalko

# EXHIBIT "F"

# GREENBERG
ATTORNEYS AT LAW
# TRAURIG

Annapoorni R. Sankaran
sankarana@gtlaw.com
(617) 310-6058

March 5, 2004

BY FACSIMILE
Pavel Bespalko, Esq.
50 Congress Street, Suite 200
Boston, MA 02109

     RE:    Okmansky v. Herbalife International of America, Inc.
              United States District Court, CA No. 03-10574-JLT

Dear Pavel:

    I am in receipt of your letter of yesterday evening in which you purport to require the FED. R. CIV. P. 30(b)(6) designee(s) of defendant Herbalife International of America, Inc. ("Herbalife"), who are all located in Los Angeles, California, to appear in Boston for deposition.

    I am sure you are well versed in general propositions of the law governing location of depositions:

> Because of the weight given plaintiff's choice of forum, at least when he or she has had a choice, courts are more willing to protect defendant from having to come to the forum for the taking of his or her deposition than they are in the case of plaintiffs [and] [t]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business.

CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, 8A Civ. 2d §2112 (2003) (footnotes omitted) (emphasis added). As you are well aware, as revealed in your client's answers to interrogatories, the plaintiff does not even reside in this District, so there is even less of a reason to convene the Herbalife depositions in Massachusetts. Pursuant to Local Rule 7.1, please let me know whether the plaintiff will agree to take the depositions of the Herbalife FED. R. CIV. P. 30(b)(6) designee(s) in Los Angeles, California. If the plaintiff will not agree, Herbalife will file a motion for a protective order.

GREENBERG TRAURIG, LLP
ONE INTERNATIONAL PLACE BOSTON, MASSACHUSETTS 02110
617-310-6000   FAX 617-310-6001   www.gtlaw.com
AMSTERDAM   ATLANTA   BOCA RATON   BOSTON   CHICAGO   DENVER   FORT LAUDERDALE   LOS ANGELES   MIAMI   NEW JERSEY   NEW YORK   ORLANDO
PHILADELPHIA   PHOENIX   TALLAHASSEE   TYSONS CORNER   WASHINGTON, D.C.   WEST PALM BEACH   WILMINGTON   ZÜRICH

Pavel Bespalko, Esq.
Friday, March 05, 2004
Page 2

Thank you for your attention to this matter and I look forward to hearing from you soon.

Very truly yours,

Anna R. Sankaran

# EXHIBIT "G"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Evgeny Okmyansky,<br>       Plaintiff,<br><br>v.<br><br>Herbalife International of America, Inc.,<br>       Defendant | Civil Action No. 03- 10574-JLT |

## PLAINTIFF'S ANSWERS TO FIRST SET OF INTERROGATORIES

Now comes plaintiff Evgeny Okmynasky and hereby answers Defendant's First Set of Interrogatories as follows:

INTERROGATORY NO. 1:

Please identify yourself giving your full name, date of birth, residential address, business address, and occupation.

ANSWER NO. 1:

Evgeny (Yevgeny) Okmyansky, since 1992 engaged as an independent distributor of Herbalife products, President's Team member, mailing address Evgeny Okmyansky, c/o Kartin Stanislav, 105 Old Surrey Lane, Richmond Hill, ON, Canada L4C 6R8.

INTERROGATORY NO. 2:

Please identify each of the locations where you resided between 1992 and present, including for each, the mailing address and the dates you resided at each location.

1

ANSWER NO. 2:

| | | |
|---|---|---|
| a. | 1992 – 1995 | Russia 119136<br>Moscow, 1st Setun'skii Proezd,<br>10-83 |
| b. | 1995 - 2003 | 6 Bonvini Drive,<br>Framingham, MA 01701 |
| c. | 2003 – Present | Evgeny Okmyansky,<br>c/o Kartin Stanislav<br>105 Old Surrey Lane<br>Richmond Hill, ON<br>Canada  L4C 6R8 |

INTERROGATORY NO. 3:

Identify every witness who has knowledge about the facts alleged in the Amended Complaint, and for each person identified, please state the name of the individual, the current address of the individual and a description of the information the individual has regarding this matter.

ANSWER NO. 3:

The plaintiff is unable to identify *all* witnesses who have knowledge of the facts alleged in the complaint beyond the persons who were improperly diverted from him and the persons within the defendant's employ with whom he had direct communication. The plaintiff further responds that the full information concerning the subject of this interrogatory is within the defendant's custody, possession and control. The plaintiff is informed and believes that numerous witnesses within the defendant's employ possess information concerning the subject matter of his complaint. This includes the persons who investigated the plaintiff's claims, the persons who made the decision not to disburse the plaintiff commissions due him, the accounting office, and many others. The plaintiff further identifies the following individuals:

a. Carroll Hannah, defendant's employee, upon information and belief, resident of California;

b. Anne O'Halloran, defendant's employee, upon information and belief, resident of California;

c. Nancy Flemming, defendant's employee, upon information and belief, resident of California;

d. Ilonna, defendant's employee, Manager of Distributor Relations Department, upon information and belief, resident of Illinois;

e. Jackie Fisher, defendant's employee, upon information and belief, resident of Illinois;

f. Ludmila Fedorovtseva, defendant's employee, Manager of Distributor Relations Department, upon information and belief, resident of California;

g. Nancy Flannagan, defendant's employee, upon information and belief, resident of California;

h. Cheryl Smith, defendant's employee, upon information and belief, resident of California;

i. Silvia Ramirez defendant's employee, upon information and belief, resident of California;

j. Leonid Waizbein, Herbalife Charms Class member, upon information and belief, resident of Israel;

k. Inna Sheidorovich, defendant's employee, upon information and belief, resident of California;

l.   Stanislav Kartin, President's Team member, resident of New York (1995-2000), upon information and belief, currently a resident of Canada;

m.  Israel Klein, President's Team member, upon information and belief, currently a resident of Canada;

n.   The plaintiff further incorporates by reference his Disclosure Statement provided pursuant to Rule 26 in response to this interrogatory.

INTERROGATORY NO. 4:

Identify those individuals whom you "persuad[ed]" to become distributors of defendant's products as alleged in paragraph 15 of the Amended Complaint.

ANSWER NO. 4:

Objection: no such allegation appears in paragraph 15 of the Amended Complaint. The plaintiff is unable to determine what this interrogatory refers to and, therefore, is unable to answer the same. To the extent the defendant seeks information as to all of the plaintiff's recruitment activities in Herbalife, such interrogatory would be beyond the scope of the discovery allowed at Phase I by the Court. Further answering, the plaintiff states that all such information is readily available within the defendant's custody, possession and control.

INTERROGATORY NO. 5:

Identify those individuals whom you "enticed to sign separate and independent distributorship agreements by other sponsors," as alleged in paragraph 13 of the Amended Complaint.

ANSWER NO. 5:

Objection: no such allegation appears in paragraph 13 of the Amended Complaint. The plaintiff is unable to determine what this interrogatory refers to and, therefore, is unable to answer the same. The plaintiff refers the defendant to his Disclosure Statement made pursuant to Rule 26 for list of persons who were improperly diverted from him and whose commissions and other payments were improperly paid by the defendant to individual(s) other than the plaintiff.

INTERROGATORY NO. 6:

With respect to each individual identified in Answer to Interrogatory No. 7, state the date(s) on which you learned that each of those individuals was "enticed to sign separate and independent distributorship agreements by other sponsors," as alleged in paragraph 13 of the Amended Complaint.

ANSWER NO. 6:

Objection: Interrogatory No. 7 does not require the plaintiff to identify any individuals. Objection: to the extent this interrogatory asks the plaintiff to identify the dates upon which he learnt of the "conversion", such information is beyond the scope of discovery permitted by the Court at Phase I. Subject to and without waiving the objections, the plaintiff answers that upon information and belief, he learnt such information shortly before issuing notices of the same to the defendant. Further answering, the plaintiff states that all such information is readily available within the defendant's custody, possession, and control.