INTERROGATORY NO. 7:

State the date(s) on which you "informed the defendant of the situation and requested that the second distributorship agreements be voided," as alleged in paragraph 14 of the Amended Complaint.

ANSWER NO. 7:

Objection: to the extent this interrogatory seeks the plaintiff to identify the dates when the plaintiff notified the defendant of the "conversion", such information is beyond the scope of discovery permitted by the Court at Phase I.   The plaintiff states that all such information is readily available within the defendant's custody, possession, and control.   The plaintiff also refers the defendant to the documentation provided in the course of mandatory initial disclosure for such information.

INTERROGATORY NO. 8:

Identify each of the states and countries where you have "developed extensive organizations of related distributors," as alleged in paragraph 7 of the Amended Complaint.

ANSWER NO. 8:

Objection: all information sought in this interrogatory is readily available in the defendant's custody, possession and control.   Subject to and without waiving the objection, United States of America, Russia, Israel.   The plaintiff also recruited distributors in France, Turkey, Canada, Germany, and other countries.

INTERROGATORY NO. 9:

State the date(s) on which you first contacted the defendant regarding the case of Valentina Borisova.

ANSWER NO. 9:

Objection: this interrogatory seeks information beyond the scope of Phase I discovery.  Objection: this information is readily available in the defendant's possession, custody, and control.  Upon information and belief, the plaintiff first contacted the defendant with regards to Valentina Borisova in 1994 as is evident from correspondence provided to the defendant during the mandatory initial disclosure stage.

INTERROGATORY NO. 10:

State the date(s) on which you learned that defendant paid "commissions and other compensation" you allege were due to you, to other sponsors as alleged in paragraph 5 of the Amended Complaint.

ANSWER NO. 10:

Objection: to the extent this interrogatory asks the plaintiff to identify the dates when the plaintiff learnt of the "conversion", such information is beyond the scope of discovery permitted by the Court at Phase I.   The plaintiff was first affirmatively informed by the defendant that such compensation was paid to other persons at some point in early 1999, shortly before receiving the letter from the defendant refusing to compensate him for "converted" individuals. The plaintiff refers the defendant to the documentation provided in the course of mandatory initial disclosure for such information.

INTERROGATORY NO. 11:

State the date(s) on which you requested "that a monetary adjustment be made [by the defendant] for the improperly disbursed payments" and that you be paid commissions due you, as alleged in paragraph 14 of the Amended Complaint.

ANSWER NO. 11:

The plaintiff requested to be paid commissions due him during his communications with the defendant's personnel and was repeatedly promised that he would be so paid during the pendency of the defendant's investigation. The plaintiff first requested to be compensated in the case of Borisova in 1994. The plaintiff requested compensation for other cases shortly before corresponding notices from defendant to the "converted" distributors were mailed. Please see documents provided during the initial mandatory disclosure.

INTERROGATORY NO. 12:

Describe with particularity the negotiations of any and all contracts which are the subject of the Amended Complaint, including but not limited to (a) an identification of the location where each part [sic] was at the time of the negotiations; (b) the identification of the location of each party at the time of the execution of the contract(s), (c) the identity of all such documents reflecting drafts or other communications relating to the negotiations of the contract(s) which are the subject of the Amended Complaint, and (d) the name and address of the current custodian of all documents identified in sub-part (c) of this interrogatory.

ANSWER NO. 12:

Objection: this interrogatory seeks information outside of the scope of Phase I discovery and is unduly broad and vague. The plaintiff states that the contract he executed with the defendant was negotiated in Israel. Insofar as the plaintiff is able to understand this interrogatory, he responds that the negotiations concerning the primary contracts listing the plaintiff as sponsor of the improperly diverted distributors were

conducted in Russia, and all of their contracts are available within the possession, custody, and control of the defendant, Herbalife International of America, Inc.  The plaintiff is aware that several of the distributors who signed dual distributorship agreements resided in the United States, as more fully described in the initial Disclosure Statement. The plaintiff is unaware of the location of the negotiations concerning secondary, void contracts.

INTERROGATORY NO. 13:

Identify the location and name and address of the current custodian of any and all documents relevant to the subject of the Amended Complaint.

ANSWER NO. 13:

The plaintiff is informed and believes that the defendant is the main custodian of all records relevant to the plaintiff's claims. The plaintiff also has records in his possession relevant to this complaint.

INTERROGATORY NO. 14:

Please identify each person whom you expect to call as an expert witness at the trial of this matter.  With respect to each such expert, provide the following information: his or her full name, educational background, residential address, business address, occupation and employer, and with respect to each individual identified, please describe in detail:

   a.   the subject matter on which each such expert may be expected to testify;

   b.   the substance of the facts and opinions to which each such expert may be
        expected to testify;

   c.   the grounds for each such opinion;

    d.  all documents, publications, materials and/ or information supplied by you to such expert; and

    e.  all reports, documents, publications, materials and/or information upon which each such expert relies in rendering each such opinion and/ or conclusion.

ANSWER NO. 14:

Objection: this interrogatory is outside of the scope of Phase I discovery. Subject to and without waiving the objection, the plaintiff responds that he has not yet identified any expert who would be testifying at the trial in this matter. The plaintiff answers that he recognizes his obligations under Rule 26 and will supplement his response seasonally.

INTERROGATORY NO. 15:

Describe with particularity the "investigation," as referenced in paragraph 15 of the Amended Complaint, including in your description, the identification of all documents evidencing or reflecting the "investigation."

ANSWER NO. 15:

The plaintiff responds that any and all information relevant to this interrogatory is within the defendant's possession, custody and control. The plaintiff is informed of the following activities undertaken by the defendant in the course of the "investigation":

    a.  Corresponding with the plaintiff;

    b.  Corresponding with the distributors who had dual-distributorship agreement.

    c.  Corresponding with the secondary sponsor.

The plaintiff has provided to the defendant documents which he had in his possession, evidencing the investigation.   The plaintiff further states that he understood the investigation was to conform to the standard policies of the defendant.

INTERROGATORY NO. 16:

Please give an account, itemized as fully and carefully as possible, of all losses and expenses which you claim were incurred by you and are the subject of the Amended Complaint.

ANSWER NO. 16:

Objection: this interrogatory seeks information outside of the scope of Phase I discovery.  Further responding, the plaintiff states that he is unable to calculate the full amount of his losses because all the information relating and computing the same rests solely with the defendant.  The plaintiff further refers the defendant to his initial Disclosure Statement.

INTERROGATORY NO. 17:

Describe all communications between you and the defendant regarding the investigation, as referenced in paragraph 15 of the Amended Complaint.  With respect to each communication, please identify the following:

    a.  the date of each such communication;

    b.  the name and address of the individuals involved;

    c.  a description of the contents of the communication;

    d.  whether the communication was in writing or oral;

    e.  if the communication was in writing, the name and address of the current custodian of all such documents.

ANSWER NO. 17:

Objection: this interrogatory seeks information outside of the scope of Phase I discovery. Subject to and without waiving the same, the plaintiff refers the defendant to the documents provided during the initial mandatory discovery stage. The plaintiff further states that he spoke with the defendant's employees of the Ethics Department in California, including Ludmila Fedorovtseva, Carol Hanna, and other persons identified in Answer No. 3, above, on numerous occasions. In June – July 1998, the plaintiff spoke with the company's founder, Mr. Mark Hughes and Carol Hanna at the convention in Orlando, Florida. At that time Mr. Hughes assured the plaintiff that his claims would be resolved and directed Carol Hanna again to investigate the complaints. Ilonna, an employee within the Manager's Department acted as an interpreter. Mr. Stanislav Kartin was also present.

SIGNED THIS _23_ DAY OF FEBRUARY 2004 UNDER PAINS AND PENALTIES OF APPLICABLE STATUTES.

Yevgeni Okmyansky

## CERTIFICATE OF SERVICE

I, Pavel Bespalko, hereby certify that I served the foregoing Answers to Interrogatories upon the defendant by mailing the same via first-class mail, postage pre-paid, to its counsel Annapoorni Sankaran, Esq. of Greenberg & Traurig, at One International Place, 20th Floor, Boston, MA 02110 this _24_ day of February, 2004.

Pavel Bespalko

# EXHIBIT "H"

# LAW OFFICES OF JOEL Z. EIGERMAN, ESQ.

## 50 CONGRESS STREET, SUITE 200

### BOSTON, MA 02109

T:  617-818-1982

F:  617-523-5612

---

## FACSIMILE TRANSMITTAL SHEET

| ATTENTION: | FROM: |
|---|---|
| Anna Sankaran, Esq. | Pavel Bespalko, Esq. |
| COMPANY: | DATE: |
| Greenberg & Traurig | MARCH 10, 2004 |
| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
| 617 310 6001 | 8 9 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| 617 310 6000 | |

RE:

*Okmyansky v. Herbalife Int'l of America, Inc.,*
US Dist. Ct. C.A. No. 03-10574-JLT

---

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

---

*********CONFIDENTIALITY NOTE*********

The documents accompanying this telecopy transmission contain information from the law office of Joel Z. Eigerman which is confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this telecopied information is prohibited. If you have received this telecopy in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.

Law Office of
# Joel Z. Eigerman
50 Congress Street, Suite 200
Boston, Massachusetts 02109

Pavel Bespalko, Esq.
Tel (617) 818-1982
Fax (617) 523-5612

Wednesday, March 10, 2004

VIA FACSIMILE 617 310 6001 AND
FIRST CLASS MAIL

Annapoorni Sankaran, Esquire
Greenberg Traurig
One International Place
Boston, MA 02110

Re:   *Okmyansky v. Herbalife Int'l of America, Inc.,*
      U.S. District Court C.A. No. 03-10574JLT

Dear Anna:

     This is in response to yours of March 5, 2004.  It is hardly surprising that I do not share your late-coming conviction that your client should not attend a deposition within the Commonwealth.  Given your response to my request to provide timely written discovery, this appears yet another foot-dragging effort on the part of your client.  As a possible compromise for both parties, I draw your attention to Rule 30(b)(7) (deposition over the telephone) or Rule 31 (deposition upon written questions).  Pursuant to Rule 29 we can further alter the procedure to accommodate both sides.  I invite your proposals.

     Enclosed you will find a re-Notice of Deposition of your client.  As stated in the prior Notice, the deposition is to take place at our offices in the Commonwealth.  Please let me hear from you if you wish to discuss this.

Very truly yours,

Pavel Bespalko

Enclosure(s)

email: pavel@bespalko.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 03- 10574-JLT

Evgeny Okmyansky,
                    Plaintiff,

v.

Herbalife International of
America, Inc.,
                    Defendant

## NOTICE OF F.R.C.P. RULE 30(b)(6) DEPOSITION

To:   Gary Greenberg, Esquire
      Greenberg & Traurig
      One International Place
      Boston, MA 02110

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure,
plaintiff Evgeny Okmyansky, by his attorney, will take the deposition upon oral
examination of the officer, director, managing agent or other person most knowledgeable
designated by defendant Herbalife International of America, Inc., concerning the subjects
set forth in Schedule A attached. The deposition will take place on Thursday, March 26,
2004 at 10:00 a.m. at the offices of Joel Z. Eigerman, Esquire, 50 Congress Street,
Boston, MA 02109, before a person qualified to administer oaths and take depositions.
The deposition will continue from day to day until completed. You are invited to attend
and cross-examine.

By his attorneys,

Joel Z. Elgerman, BBO No. 152000
Pavel Bespalko, BBO No. 654315
50 Congress Street, Suite 200
Boston, MA 02109
617 367 0014

March 10, 2004

## CERTIFICATE OF SERVICE

I, Pavel Bespalko, hereby certify that I served the foregoing document upon the
defendant by mailing the same via first-class mail, postage pre-paid, to its counsel Gary
Greenberg, Esq. of Greenberg & Traurig, at One International Place, Boston, MA 02110
this 10 day of March, 2003.

Pavel Bespalko

## SCHEDULE A

The person (or persons) called on behalf of the defendant Herbalife International of America, Inc., will be expected to testify to his (their) knowledge in the following areas:

1. The terms of the contractual arrangement between the plaintiff and the defendant, whether executed by the parties, or otherwise understood or contended to constitute the contract between the parties, including any of its parts, subparts, separate or integrated, including the Rules and Guide Books, and other similar items, whether originating from the defendant or any other source.

2. The number and the identities of Herbalife distributors (of any level), active or inactive, who reside in the Commonwealth of Massachusetts or who have resided within the Commonwealth at the time of entering into their distributorship agreements, or who resided within the Commonwealth at any point during their careers (active or inactive) as Herbalife distributors, within the period of time from January 1, 1994 through the present.

3. The amount of gross sales of Herbalife products which occurred, were consummated, or otherwise happened within the Commonwealth of Massachusetts, including without limitation, the direct sales to individual customers, and orders placed by distributors to be shipped into the Commonwealth.

4. Corporate tax returns and any and all related forms submitted by the defendant or any of its affiliates or subsidiaries to the Internal Revenue Service of the United

1

States and/or the Massachusetts Department of Revenue for the fiscal years of 1999 through the present.

5.  The organizational structure and business activity of Herbalife International Communications, Inc., a foreign corporation registered to do business within the Commonwealth.

6.  The organizational structure, means and methods of operation, and affiliation, if any, with the defendant of a foreign non-profit corporation, Herbalife Family Foundation.

7.  The number and identities of persons who were recruited by the plaintiff and who executed Distributorship Agreements with the defendant Herbalife during the years of 1996 – 2003 listing the plaintiff as a referring party/ supervisor.

8.  The number and identities of persons, who resided within the Commonwealth of Massachusetts, and who were recruited by the plaintiff to execute Distributorship Agreements with the defendant during the years of 1996 – 2003 listing the plaintiff as a referring party/ supervisor.

9.  The gross amount of sales of the Herbalife products attributable to the individuals (either direct sales or orders placed for other persons) described in paragraph 8, immediately above,

10. Payments (amounts and dates) made by the defendant Herbalife to the plaintiff in the period 1996 through 2003.

11. The gross amount of payments made by defendant Herbalife to persons other than the plaintiff for commissions and bonuses earned on accounts of the following individuals:

a.   Valentina Borisova, Herbalife Complaint No. RSDD00096, ID No. 16-017927, present address and telephone unknown;

b.   Ludmila Mantsysova, Herbalife Complaint No. ISDD000042, ID No. 16-017896, present address and telephone unknown;

c.   Dmitri Yurin, ID No. 16-017907, present address and telephone unknown;

d.   Svetlana Sokolova, Herbalife Complaint No. RSDD000050, present address and telephone unknown;

e.   Valery Novorussov, Herbalife Complaint No. RSD000111, ID No. 16-029309, last known address: PO Box 7156, Long Island City, NY 11101;

f.   Michail Archavski or Arshavsky, Herbalife Complaint No. RSD000107, ID No. 16-029325, last known address 4804 Laurel Canyon Blvs., #810, Valley Village, CA 91607;

g.   Elena Goliberenko, Herbalife Complaint No. RSD000102, present address and telephone unknown;

h.   Mikhail Gorbatov, Herbalife Complaint No. RSD000101, present address and telephone unknown;

i.   Olga Zakarikina, Herbalife Complaint No. RSD000116; ID No. 16-017904, present address and telephone unknown;

j.   Svetlana Mirgozodskaya, Herbalife Complaint No. RSD000117, ID No. 16-017918, present address and telephone unknown;

k.   Olga Muzalova, Herbalife Complaint No. RSD000097, present address and telephone unknown;

3

l.  Elena Kadisheva, Herbalife Complaint No. RSD000098/ 10-327439, present address and telephone unknown;

m.  Valentina Muronov, Herbalife Complaint No. RSD000099, present address and telephone unknown;

n.  Kamil Ishkinyaev, Herbalife Complaint No. RSD000100, present address and telephone unknown;

o.  Elena Artamonova, Herbalife ID No. 16-509271, present address and telephone unknown;

p.  Elvira Tabolova, Herbalife ID No. 10-107686, present address and telephone unknown;

q.  Igor Averin, Herbalife ID No. 16-509290, present address and telephone unknown;

r.  Pavel Lebedev, Herbalife ID No. 16-509239, present address and telephone unknown;

s.  Edouard Olevinski, Herbalife ID No. 10-172717, present address and telephone unknown;

t.  Irina Balabanova, Herbalife ID No. 16-509214, Herbalife ID No. 16-509290, present address and telephone unknown;

u.  Alexander Fedorov, Herbalife ID No. 10-171056, Herbalife ID No. 16-509290, present address and telephone unknown;

v.  Galina Griboedova, Herbalife ID No. 10-172696, present address and telephone unknown;

w.  Igor Zamri, Herbalife ID No. 10-172605, present address and telephone unknown;

x.  Tatiana Veriaskina, Herbalife ID No. 38-181319, present address and telephone unknown.

12. The formation, corporate structure and operations of the entity known as Herbalife International Distribution, Inc., with a principal place of business at POB 179, Moscow, Russia 129110.

13. The defendant's efforts in verifying and/or investigating the plaintiff's complaints concerning the non-payment of dividends due and payable to him on account of the individuals listed in Request No. 12, above. This includes the identities, titles, and addresses for all persons involved in the investigation on behalf of the defendants, the actual steps and actions undertaken, the timeframes, and the results of the investigations, if any.

14. The number and frequency of Herbalife training sessions conducted within the Commonwealth by any person affiliated with the defendant Herbalife International of America, Inc., whether as employee or independent contractor in the period 1996 – present.

# EXHIBIT "I"

# LAW OFFICES OF JOEL Z. EIGERMAN, ESQ.

## 50 CONGRESS STREET, SUITE 200

### BOSTON, MA 02109

### T:  617-818-1982

### F:  617-523-5612

---

## FACSIMILE TRANSMITTAL SHEET

| ATTENTION:<br>Anna Sankaran, Esq. | FROM:<br>Pavel Bespalko, Esq. |
|---|---|
| COMPANY:<br>Greenberg & Traurig | DATE:<br>MARCH 11, 2004 |
| FAX NUMBER:<br>617 310 6001 | TOTAL NO. OF PAGES INCLUDING COVER:<br>3 |
| PHONE NUMBER:<br>617 310 6000 | SENDER'S REFERENCE NUMBER: |

RE:
*Oksnyansky v. Herbalife Int'l of America, Inc.*,
US Dist. Ct. C.A. No. 03-10574-JLT

---

☐ URGENT      ☐ FOR REVIEW      ☐ PLEASE COMMENT      ☐ PLEASE REPLY      ☐ PLEASE RECYCLE

---

********CONFIDENTIALITY NOTE*********

The documents accompanying this telecopy transmission contain information from the law office of Joel Z. Eigerman which is confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this telecopied information is prohibited. If you have received this telecopy in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.

Law Office of
## Joel Z. Eigerman
50 Congress Street, Suite 200
Boston, Massachusetts 02109

Pavel Bespalko, Esq.
Tel (617) 818-1982
Fax (617) 523-5612

Thursday, March 11, 2004

VIA FACSIMILE 617 310 6001 AND
FIRST CLASS MAIL

Annapoorni Sankaran, Esquire
Greenberg Traurig
One International Place
Boston, MA 02110

Re:   *Okmyansky v. Herbalife Int'l of America, Inc.,*
      U.S. District Court C.A. No. 03-10574JLT

Dear Anna:

This is to memorialize our earlier conversation while it is fresh in my memory. The following points were discussed:

1.   I have informed you that we are agreeable to taking depositions over the telephone for both sides. You have declined.

2.   You will agree to allow us to take deposition of your people over the telephone but you will insist that the plaintiff physically attend his within the state. I note that you have told me as a reason for your insistence that a deposition over the telephone is simply "not as good."

3.   You have told me that you see our "personal convenience" as the sole reason for having your client's designees travel. That is not so. I have informed you that (a) Herbalife is subject to personal jurisdiction within the State (any arguments to the contrary having been waived by its earlier submissions to the Court); (b) it has ample presence within the State and its representatives apparently travel into the Commonwealth with some frequency; and (c) obviously, I am unwilling to increase unnecessarily my client's legal bill. The fact that the two people that Herbalife seeks to designate may not travel as frequently as others is not good grounds for evading the deposition.

I see no reason why we cannot agree on this without involving the Court. This is especially true given the extremely limited nature of the depositions that are currently

scheduled: venue and choice of law.  I invite you yet again to give your legal pen a rest and consider the practical aspects of the present discovery dispute.

Very truly yours,

Pavel Bespalko