UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 03- 10574-JLT

Evgeny Okmyansky,
     Plaintiff,

v.

Herbalife International of
America, Inc.,
     Defendant

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL

   The plaintiff submits the following in support of his motion to compel further discovery and for sanctions:

1.     The plaintiff is a distributor of the defendant's products through its multi-level marketing system under a contract with the defendant, a California corporation with annual sales of hundreds of millions of dollars and a presence in dozens of countries. According to the contract, the plaintiff is to receive commissions, royalties, and other bonus payments with respect to sales made by him or by individuals he has recruited as distributors under him. The plaintiff recruited a number of individuals with respect to whom the defendant improperly paid the commissions to someone else. The defendant has admitted that the commissions belonged to the plaintiff, and has restored the distributors to the plaintiff's "lineage", but has refused to compensate him for the diverted commissions. To date, the defendant has offered no explanation for its refusal. Despite its simplicity, the case has serious ramifications for a large number of persons,

1

including many residents of the Commonwealth, and involves at least $400,000.00 of unpaid commissions for the plaintiff.

2.          The discovery in this action was bifurcated at the defendant's initiative (with the plaintiff's consent) into two stages to spare the parties potential expense and to avoid delay.  The parties are currently in Phase I which is an inquiry into the proper choice of law and venue applicable to this action.  The initial choice of law question involves what statute of limitation applies.  *See* Parties' Joint Motion to Bifurcate Discovery, and Court Order dated January 7, 2004.  Both issues have been raised by the defendant, which does not contest personal jurisdiction, but venue solely.  The plaintiff is content with Massachusetts law and the Massachusetts forum.

3.          On or about January 28, 2004, the plaintiff served its First Request for Production of Documents and First Set of Interrogatories upon the defendant.  *See* Accompanying Affidavit of Pavel Bespalko ("Bespalko Aff."), ¶2.

4.          The defendant did not respond within the time provided in the rules.  *See* Bespalko Aff., ¶3.  The plaintiff, through counsel, requested that the defendant provide timely discovery.  Bespalko Aff., ¶3, Ex. B.  The defendant, through counsel, refused on the disingenuous ground that the final date for the exchange of documents set forth in the stipulated discovery schedule trumped the thirty day limit under the rules.  This amounted to a self-determined extension.  Bespalko Aff., ¶3, Ex. B.

5.          The defendant provided its responses late.  True and accurate copies of the Defendant's Answers to the Plaintiff's First Set of Interrogatories (including the original interrogatories) and Defendant's Response to Plaintiff's First Request for Production (including the original requests), are attached to the Bespalko Aff., as Exhibits C

(Answers to Interrogatories) and D (Response to Request for Production).  These documents truly speak for themselves.

6.            All 15 of the plaintiff's document requests and 16 interrogatories are objectionable to the defendant.  The objections include "seeks documents which are equally available to the plaintiff"; "seeks private information pertaining to individuals who are not party to this litigation and/ or confidential and proprietary business information of the defendant"; "vague, unintelligible"; "privileged or otherwise immune from discovery"; "unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence";  "within public domain"; "beyond the scope of discovery as outlined in the parties' Joint Motion to Bifurcate Discovery"; "outside the possession, custody, and/or control of the Defendant";  "impossible to determine what documents the plaintiff is describing"; and "*potentially* descriptive of information protected by the attorney-client privilege and/or the work product doctrine" (emphasis added).  None of these objections is well taken.

7.            The plaintiff's counsel has attempted on several occasions in good faith to confer with the defendant's attorney to resolve the issues presented in this motion.  *See* Bespalko Aff., ¶6-12.  The parties' attempts to resolve their differences without the Court's intervention have been unsuccessful.

8.            Although the defendant provided some documents which have bearing on the merits of the case (which, curiously, is the subject of *Phase II* discovery), it has failed and refused to provide any meaningful discovery concerning its ties to and presence in the forum state.  The plaintiff believes that the defendant's substantial presence in Massachusetts bears on the degree of inconvenience to it of defending this action in the

3

Commonwealth and to the administration of justice in the Massachusetts forum, which are the key factors in determining *forum non conveniens*. *See e.g. Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 720 (C.A.1,1996).

9.            It is the party resisting discovery that bears the burden of showing sufficient reasons not to allow discovery into relevant topics. *Kozlowski v. Sears, Roebuck & Co.,* 73 F.R.D. 73 (D. Mass.1976).   It is not an excuse that production of documents or ascertaining relevant information would be costly or time-consuming where information is relevant, generated by the defendant, and exists within its record-keeping system. *Id.* at 76.   The "Court will not shift the financial burden of discovery onto the discovering party, ...,  where the costliness of the discovery procedure involved is entirely a product of the defendant's self- serving indexing scheme over which the plaintiff has no control." *Id.* at 77.

10.            The defendant's responses are objectionable in the following respects:

A.      *Responses to Request for Production* (Bespalko Aff., Ex. B)

As a preliminary matter, the defendant provided over 1000 pages (or, approximately, seven pounds) of documents which were not requested by the plaintiff and have no apparent connection to the present dispute.  The plaintiff is unable to determine the purpose of producing these documents, other than to cause unnecessary delay and expense.

"No. 2:      All documents reflecting the number and the identities of Herbalife distributors who reside or resided within the Commonwealth at any point in their career during the times pertinent to this action.

<u>Response:</u>    Unduly burdensome, overly broad and not reasonably calculated.  Beyond the scope of Phase I discovery.  Private information concerning persons who are not party and/ or confidential and proprietary business information."

No documents were provided in response to this request.  The relevance of this inquiry is readily apparent: the defendant claims that it is not present in the state for venue purposes, and that it would be oppressive and vexatious for it to have the case determined in a Massachusetts forum.  The defendant is the wholly owned subsidiary of (and acts as an agent for) Herbalife International, Inc., a multi-national corporation with 1.8 billion dollars in annual revenue and a presence in 58 countries.  Herbalife International, Inc., also owns and operates Herbalife International Communications, Inc., a California corporation registered to do business in the Commonwealth (as disclosed in the plaintiff's earlier Opposition to Defendant's Motion for Protective Order).  Herbalife International, Inc., also has apparent ties to Herbalife Family Foundation, a non-profit corporation also registered to do business in the Commonwealth.  All of these entities share directors, the same Los Angeles business address, the same agent for the service of process in Massachusetts, and the same corporate purpose: they all promote directly or indirectly Herbalife International, Inc., a global manufacturer and distributor of health and nutritional products.

In addition to the convenience of the parties, one of the considerations in a claim of *forum non-coveniens* is public policy.  If the defendant is actively engaged in trade within the state, selling to its citizens and recruiting them on a regular basis to participate in its multi-level distribution scheme, it would be of considerable interest to Massachusetts to have the rights and responsibilities of the plaintiff and all persons in the

same or similar position determined in local courts.  Knowing the number and names of persons engaged in trade with the defendant within the state is surely relevant to the issues raised by the defendant.

The objections stated are without merit.  There is nothing burdensome about this request; if the defendant's SEC filings are to be believed, it can be satisfied at the touch of a computer button.  That the information sought is "private [and] pertaining to individuals who are not party to this litigation" is not a ground of objection.  No such unqualified privilege exists in the law; it is a creation of the defendant's imagination. *See e.g. Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.,* 209 F.R.D. 208, 215 (D.Kan.,2002).  The *number* of such persons is certainly not private, and disclosure of information about persons not parties to a lawsuit is routine in legal practice.  These documents should be produced.

"No. 3:      Documents reflecting the amount of gross sales of the defendant's product which happened within the state, including the amount of orders placed and shipped into the state.

Response:      Vague, unintelligible, unduly burdensome, overly broad and not reasonably calculated.  Also, beyond the scope of Phase I discovery."

Again, no documents were provided.  The volume of the defendant's business within the state is obviously relevant to its challenge to venue and choice of law.  The defendant's objections cannot be seriously meant.

"No. 4:      Corporate tax returns and any and all related forms submitted by the defendant to the Massachusetts Department of Revenue.

Response:      Privileged within M.G.L. c. 62C, §21C."

6

No documents were provided.  If the defendant in fact files returns with the

Department of Revenue and pays taxes within the state, its venue opposition would

appear to lack any merit whatsoever.  This inquiry is of considerable relevance.  M.G.L.

c. 62C, §21C, on which the defendant purportedly relies, forbids the *Commissioner of*

*Revenue or any public employee* from disclosing tax information concerning *another*

person.  The defendant is neither the Commissioner nor a public employee.  The courts

have apparently interpreted the statute to create a qualified, yet limited, privilege against

disclosure of tax information.  *See e.g. Cardin v. Trans Spec Truck Sevice, Inc.*, 2003 WL

22903858 (Mass.Super.2003).  Even if this privilege applied to the defendant[1], its tax

returns are the most reliable source of information concerning the magnitude of its

presence within the state.  By placing that presence in issue, the defendant has waived

any of its privileges.

"No. 5:         Any documents which reflect the amount of gross sales of the product

within the United States of America.

Response:         Unduly burdensome, overly broad and not reasonably calculated.  Beyond

the scope of Phase I discovery.  Within public domain and/ or otherwise equally available

to the plaintiff."

No documents were provided.  The inquiry is plainly relevant.  The relation of

Massachusetts sales to total American sales would be of obvious relevance.  In addition,

because the defendant has indicated that it considers Russia or Israel to be a more

---

[1] Although it has been interpreted by the majority of jurisdictions, including the Supreme
Court not to apply to individual taxpayers.  *See e.g. Ashton v. Cherne Contracting Corp.*,
648 A.2d 1067, 1071 (Md.App.,1994), and cases cited.

appropriate forum, its domestic sales volume would be significant. The "public domain" objection has no merit, *see, e.g., Moore v. Radian Group, Inc.,* 2002 WL 31738795 at *4 (E.D.Tex.2002) (copy attached), but it would also seem to undercut the defendant's claim that to respond would be burdensome, since it claims to have put the information out publicly. Again, the defendant is not excused from complying with its discovery obligations merely because it alleges compliance is too costly or time-consuming. *Kozlowsky, supra,* 73 F.R.D. at 77-78. "To allow a defendant whose business generates massive records to frustrate discovery by creating an inadequate filing system, and then claiming undue burden, would defeat the purposes of the discovery rules." *Id.* (citations omitted). That the documents sought may or may not exist within the plaintiff's control is irrelevant absent a showing of unreasonable expense or burden. *Haseotes v. Abacab Intern. Computers, Inc.,* 120 F.R.D. 12 (D.Mass.1988).

"No. 6:     Documents reflecting the organization and activity of Herbalife International Communications, Inc., a wholly-owned subsidiary of the defendant's parent registered to do (and presumably doing) business in Massachusetts, and engaged in promotion, marketing and presentations of the defendant's product, including any corporate filings.

Response:     Unduly burdensome, overly broad and not reasonably calculated. Beyond the scope of Phase I discovery. Also, outside of the possession, custody and/ or control. Also, immune. Also, there are no such documents within possession, custody and/ or control."

No documents were provided. Herbalife International Communications, Inc., is an affiliate of the defendant and a wholly-owned subsidiary of its parent, Herbalife

International, Inc.[2] They share a business address, an incorporating agent and corporate officers. They use the same trademark, "Herbalife". They are engaged in the same commercial activity within the Commonwealth, that is, selling the defendant's products and recruiting distributors, all for the benefit of the parent. The case cited by the defendant, *Pennwalt Corp. v. Plough, Inc.,* 85 F.R.D. 257 (D.Del.1979), stands for the proposition that where a showing of similar corporate identity is made, a subsidiary/affiliate must produce discoverable information. The parent cannot avoid discovery obligations because the information sought is within the possession of the subsidiary. *See e.g. George Hantscho Co. v. Miehle-Goss-Dexter, Inc.,* 33 F.R.D. 332 (S.D.N.Y.1963). Likewise, a corporation cannot avoid producing documents readily available to it from related sources under the umbrella of illusory "impossibility". *Kozlowsky,* 73 F.R.D. at 77, citing *In re Ruppert,* 309 F.2d 97 (6 Cir. 1962) (attorney); *Bingle v. Liggett Drug Co.,* 11 F.R.D. 593, 594 (D.C.Mass.1951) (insurer); *George Hantscho Co. v. Miehle-Goss-Dexter, Inc.,* 33 F.R.D. 332 (S.D.N.Y.1963) (corporate subsidiary).)

The defendant has no difficulty raising objections to discovery on behalf of Herbalife International Communications, Inc. It balks, however, at providing information or documents in its behalf. This is impermissible foot-dragging.

<u>"No. 15:</u>    All documents constituting advertisements, circulars, training materials, etc., disseminated within the Commonwealth, and referring to training sessions conducted within the Commonwealth.

<u>Response:</u>    Unduly burdensome, overly broad, not reasonably calculated. Beyond the scope of Phase I discovery. *Certain* documents will be provided (emphasis added)."

---

[2] Although the defendant made no such apparent corporate disclosure as required under Rule 7.3 of the Local Rules.

No identification of the "certain documents", and no such specific documents, were provided except for a schedule of meetings.  Again, the relevancy of the defendant's publicity within Massachusetts would seem beyond doubt.

This same mantra of objections ("unduly burdensome, overly broad, not reasonably calculated, beyond Phase I discovery"; "privileged on the basis of c. 62C, §21"; "private information concerning persons not parties"; "equally available") is repeated in response to numerous other requests, and is in every case improper.  The defendant refused to provide any documents concerning Herbalife Family Foundation, yet another "relative" non-profit registered to do business in the Commonwealth (Request No. 7).  The defendant has refused to provide the documents which reflect the number and identities of persons who were recruited by the plaintiff during the years 1996 – 2003, when the plaintiff resided in the Commonwealth on the same grounds of "undue burden, private information, equally available" (Requests No. 8-9).  No documents reflecting the amount of gross sales of product or orders placed by the plaintiff's distributors recruited during his residency within the Commonwealth were provided (Request No. 10), because this is "beyond the scope of discovery" and the defendant is purportedly unable to determine what is being asked.  No payment records of amounts tendered to the plaintiff during his residency within the Commonwealth is provided.  (Request No. 11).  No information concerning yet another fully owned subsidiary, Herbalife International Distribution, Inc., a Russian branch of the defendant's parent, is provided. (Request No. 13).  The lack of merit in these blanket objections has already been discussed above.

Finally, within the documents provided by the defendant, the defendant or its attorneys have taken it upon themselves to make unauthorized redactions.  They have

10

apparently wiped out certain names and addresses of persons as they saw fit. *See* representative samples attached to Bespalko Aff., and marked collectively, as Ex. G. The basis for the alterations is nowhere explained.

The defendant's document production is, in charitable terms, woefully incomplete. It represents a deliberate effort on the part of the defendant to impede the progress of this action and to cause unnecessary expense to the plaintiff. The defendant's objections, redactions, and responses have no basis in law or fact. The defendant should be sanctioned for its conduct.

B.     *Answers to Interrogatories*

The defendant plays the same "hide and seek" in answering the interrogatories. "Interrogatory No. 3: State the number and identity of Herbalife distributors who reside or resided in the Commonwealth during the times relevant to this action. If you do not know the precise number, please approximate and state the basis for approximation. Answer:     Overly broad and unduly burdensome. Beyond the scope of discovery. Seeks private information and/or confidential and proprietary information. As an answer identifies the documents reflecting the plaintiff's current organization/ lineage. "Further, due to Herbalife's record keeping methods, it would be virtually impossible for Herbalife to extract data accurately reflecting the plaintiff's downward lineage" for the relevant period of time."

The question is simple: how many people who reside or resided in the Commonwealth have been engaged in the defendant's trade for the relevant period of time. The information sought is undeniably relevant and has bearing on both the venue and the choice of law challenges. The defendant's response is evasive. It was not asked

11

for the plaintiff's "lineage" (the organizational chart of the distributors working under him. It was asked for a comprehensive number and identities. The usual blanket objections again merit no analysis. The defendant should know that it cannot avoid its discovery obligations simply by making its record keeping so poor as to obstruct discovery of relevant information. *See Kozlowski, supra*, 73 F.R.D. at 77, and cases cited. Finally, in its filings to Securities and Exchange Commission, the defendant's parent (or is it the defendant itself?) makes self-laudatory statements, providing an ocean of statistical and geographical data concerning its operations, its impeccable record-keeping and accounting methods, and the sanctity of its multi-level marketing method which makes precise record keeping imperative. *See* Exhibit F to Bespalko Aff.. Finally, the defendant disburses periodic payments to its distributors based on their individual and organizational sales volume. Clearly, it has information from which it determines the amount of payments, and the defendant's objection on this ground is without merit.

"Interrogatory No. 4: Please state the gross amount of sales of Herbalife products within the Commonwealth for relevant period of time. Approximate if necessary, stating the basis for the approximation.

Response:            Overly broad and unduly burdensome. Beyond the scope of Phase I discovery. No direct sales of Herbalife product occur in Massachusetts. Herbalife does not know and is unable to calculate the gross sales."

Again, no response. It is apparent that the defendant, its parent, subsidiary or affiliates, using its corporate name, ships its products into the Commonwealth on a regular basis to its distributors, whether it calls it direct sales or otherwise. It has a comprehensive record-keeping system which allows it to calculate the sales for larger and

12

smaller geographic regions.  It allows it to obtain information as to personal orders placed

by any individual distributor over a certain period of time, as is evident from its providing

the plaintiff's individual invoices and a listing of his "lineage."  Also, it pays periodic

royalties and other commissions to millions of people.  It is untruthful in asserting that it

"does not know and is unable" to determine, however approximately, the amount of

shipments made into the Commonwealth.

"Interrogatory No. 5:  Please state the amount of gross value of the defendant's

products shipped to his residence at 6 Bonvini Drive, Framingham, Massachusetts, over

the relevant period of time.

Answer:       Overly broad and unduly burdensome.  Outside of the scope of Phase I

discovery.  Equally available to the plaintiff.  Without waiving the objection, identifies

the invoices produced."

In response to this interrogatory the defendant provided hundreds of pages of

computer printouts from its system.  *See* true and accurate copies of representative

samples attached to Bespalko Aff., as Ex. H.  The defendant apparently (however

implicitly) relies on Rule 33(d) which allows for production of business records in

response to interrogatory where "the burden of deriving or ascertaining the answer is

substantially the same for the party serving the interrogatory as for the party served."

Fed. R. Civ. P. 33(d).  "A specification shall be in sufficient detail to permit the

interrogating party to locate and to identify, as readily as can the party served, the records

from which the answer can be ascertained."  *Id.*  No such identification is made.  Further,

it is clear from the "invoices" that these are made within the defendant's computer

system, not readily decipherable by a third-party, such as the plaintiff.  Since the

13

defendant periodically pays the plaintiff commissions derived from these shipments, it has the capacity to calculate the totals (presumably by computer) and has in fact already done so on many occasions. The defendant's response is, again, evasive and obstructive.

"Interrogatory No. 6: Please state the figure of the gross sales of the product within the United States of America.

Answer:      Overly broad and unduly burdensome. Beyond the scope of Phase I discovery. Confidential and proprietary. Within the public domain."

Again, no answer. This information is clearly relevant to the inquiry of the proper forum and choice of law. The "public domain" objection is baseless, as discussed above.[3] It is not apparent how providing the answer which is said to be within the public domain could be unduly burdensome.

"Interrogatory No. 7: The gross value of the defendant's products shipped into the Commonwealth in the relevant period of 1997 through present. If the precise figure is unknown, approximate, stating the basis for the approximation.

Answer:      Overly broad and unduly burdensome. Beyond the scope of Phase I discovery."

"Interrogatory No. 8: Describe the business, organization, control and ownership of Herbalife International Communications, Inc., a California corporation registered to do business in Massachusetts.

Answer:      Overly broad and unduly burdensome. Beyond the scope of Phase I discovery. Information is outside of the possession, custody, and/or control of the defendant. Finally, the answer is that Herbalife International Communications, Inc., is

---

[3] Even if the objection had any merit, the defendant would appear to have an obligation to identify the "public domain" it refers to.

wholly owned by the parent company, Herbalife International, Inc., and not affiliated with Herbalife. "

This answer is evasive and insufficient. There is no such objection on the grounds that the *information* is outside of the defendant's custody, possession, and control. This objection, if valid, is recognized in the context of *document* production, more specifically, in the case cited by the defendant, *Pennwalt Corp. v. Plough, Inc.*, 85 F.R.D. 257 (D.Del.1979). If the defendant has no knowledge, it should state so. It does, obviously, possess such knowledge. Ms. Vicky Tuchman, one of its designees for Rule 30(b)(6) deposition, is listed as assistant clerk of and the contact person for Herbalife International Communications, Inc. The defendant should be compelled to respond further.

The list goes on as *all* of the interrogatories posed by the plaintiff are labeled by the defendant "overly broad and unduly burdensome" and "outside of the scope of" Phase I discovery. No meaningful response is provided to Interrogatories No. 9 (concerning the business, organization, control and ownership of Herbalife Family Foundation); No. 10 (the number of persons recruited by the plaintiff during 1996-2003); No. 11 (the figure of gross sales and orders for product placed by such persons); No. 12 (state the amount of payments made to the plaintiff over the relevant period of time); No. 14 (concerning Herbalife International Distribution, Inc., a Russian subsidiary); or to No. 16 (describe all training sessions conducted by the defendant within the Commonwealth), all under the same pretextual objections: overly broad, unduly burdensome, outside of Phase I discovery; private information concerning persons not parties; equally available. And,

15

again, there is no basis for the defendant's blanket refusal to provide relevant information.

11.     Fashioning and directing discovery is within the sound discretion of this Court. *See e.g. Cardone v. Boston Regional Medical Center, Inc.*, 60 Mass.App.Ct. 179 (Mass.App.2003); *Buster v. George W. Moore, Inc.,* 783 N.E.2d 399 (Mass.2003); *Berman v. Alexander,* 782 N.E.2d 14 (Mass.2003); *also Fehlhaber v. Fehlhaber*, 664 F.2d 260 (C.A.11.Fla.,1981). The court should exercise its discretion consonant with the purposes of discovery. The rules of discovery are in place "to avoid surprise and the possible miscarriage of justice, to disclose fully the nature and scope of the controversy, to narrow, simplify, and frame the issues involved and to enable a party to obtain the information needed to prepare for trial. In this way it was sought to put an end to the 'sporting theory of justice,' by which the result depends on the fortuitous availability of evidence or the skill and strategy of counsel.'" *GTE Products Corp. v. Jefferson Davis Steward, Third*, 414 Mass. 721, 725 (1993), *quoting* 8 C.A. Wright & Miller, Federal Practice & Procedure §2001, at 17-19 (1970).

12.     Rule 37(a)(4) of the Federal Rules of Civil Procedure provides that if the motion to compel is granted, a prevailing party shall be entitled to recover its reasonable costs and expenses incurred in making the motion. The plaintiff submits that it should be entitled to such costs, as more fully described in the accompanying Affidavit of Pavel Bespalko.

13.     More importantly, the plaintiff believes that the defendant should be precluded from raising its challenges to the choice of law and venue in light of its failure to make appropriate discovery. Compare *Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel*

16

*Employees,* 212 F.R.D. 178, 181-182 (S.D.N.Y.,2003). There, where the defendant engaged in a pattern of obstructive and dilatory practice, the court noted "'A lawsuit is supposed to be a search for the truth'" and that the courts favor resolution of lawsuits on the merits.

Here, it is the defendant that raised the issues of the choice of law and the appropriateness of venue. But for the defendant's assertions, the plaintiff would not need the present discovery. Now, the same defendant has obstructed and delayed the plaintiff's search for information on the very issues it has raised in a patent attempt to evade a resolution of this case on the merits. Since the defendant appears to object so strenuously to revealing the secrets of its activities in Massachusetts, this Court should obviate the defendant's concern and strike its objections to venue and the choice of Massachusetts law.

12.     Even on the limited discovery provided by the defendant, it is clear that any *forum non-conveniens* argument fails in light of the defendant's omni-presence within the state. The choice-of-law challenge is also questionable, at the very least. The plaintiff believes that an appropriate remedy in this instance is to preclude entirely the defendant from raising these challenges and in forcing this case to move forward towards resolution on the merits. If the defendant has any *bona fide* defense to the plaintiff's claims for the commissions due him, after the defendant's employees have determined that he should be paid, it should not shrink from presenting it at trial. There is no reason to delay further resolution of this matter.

13.     For these reasons, the plaintiff requests that the Court enter an order:

a.     Allowing the plaintiff's request for fees and costs; and either

b.   Compelling the defendant to produce the documents and interrogatory answers requested; or

c.   Precluding it from challenging the plaintiff's choice of law and venue.

By his attorneys,

Joel Z. Eigerman, BBO No. 152000
Pavel Bespalko, BBO No. 654315
50 Congress Street, Suite 200
Boston, MA 02109
617 367 0014

March 3| 2004

## CERTIFICATION OF COMPLIANCE WITH RULE 3.01(b) and 37

I, Pavel Bespalko, hereby certify that I conferred and have attempted in good faith to resolve the issues presented within this motion with Annapoorni Sankaran, Esquire, counsel for defendant, as more fully described in the accompanying Affidavit.

Pavel Bespalko

## CERTIFICATE OF SERVICE

I, Pavel Bespalko, hereby certify that I served the foregoing document upon the defendant by mailing the same via first-class mail, postage pre-paid, to its counsel Gary Greenberg, Esq. of Greenberg & Traurig, at One International Place, Boston, MA 02110 this 31 day of July, 2003. March

Pavel Bespalko

18