UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EVGENY OKMYANSKY,
      Plaintiff,

v.

HERBALIFE INTERNATIONAL OF
AMERICA, INC.,
      Defendant.

Civil Action No. 03-10574-JLT

**MOTION FOR SUMMARY JUDGMENT OF**
**DEFENDANT HERBALIFE INTERNATIONAL OF AMERICA, INC. ON ISSUES SET**
**FORTH IN THE JUNE 21, 2004 ORDER**

Pursuant to this Court's June 21, 2004 Order (the "**Order**") and FED. R. CIV. P. 56(b), Defendant, Herbalife of International of America, Inc. ("**Herbalife**"), hereby moves for summary judgment on all claims asserted by Plaintiff Evgeny Okmyansky ("**Okmyansky**") in his First Amended Complaint on the issue set forth in the Order.[1]  In support of this motion, Herbalife submits contemporaneously herewith its Memorandum of Law In Support of Motion for Summary Judgment of Defendant Herbalife International of America, Inc. on Issues Set Forth In The June 21, 2004 Order, Declaration of Annapoorni Sankaran ("**Sankaran Declaration**") and the Declaration of Jackie Fisher ("**Fisher Declaration**") and states that with respect to the issue raised in the Order, there are no disputed issues of material fact and Herbalife is entitled to judgment as a matter of law as Herbalife was entitled to exercise discretion pursuant to the terms of its contract with Okmyansky.

---

[1] As Phase Two of discovery has not commenced pursuant to this Court's  January 7, 2004 Order ("**Scheduling Order**") and as the motions filed pursuant to the Scheduling Order relating to Phase One issues have not yet been considered by the Court, Herbalife reserves all of its rights with respect to any and all other defenses not set forth in the Order, including but not limited to statute of limitations and venue, and reserves the right to assert such defenses and file any other motions based on other grounds at the appropriate time, including but not limited to after the close of Phase Two of discovery.

## <u>LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS NOT IN DISPUTE FOR ISSUES RAISED IN THE ORDER</u>[2]

The undisputed facts relevant to this motion only, <u>see</u> footnote 1, <u>supra</u>, are as set forth in as follows:

### HERBALIFE

1.       Herbalife is a Nevada Corporation with its headquarters located in Century City, California. <u>See</u> Exhibit 3 to <u>Sankaran Declaration</u>. Herbalife was founded in 1980 and develops and markets weight management products, nutritional food and dietary supplements, and personal care products to people in 50 states and 58 countries. <u>Declaration of Jackie Fisher</u> (hereinafter "<u>Fisher Declaration</u>") submitted contemporaneously herewith, ¶2. Herbalife sells its products through an international network of independent distributors who purchase products directly from Herbalife. <u>Id.</u> Herbalife operates through a multi-level marketing system through which the distributors can sell Herbalife products and derive revenue from products purchased by other "down-line" distributors he recruits. <u>Id.</u>

### NEGOTIATION OF THE PLAINTIFF'S CONTRACT

2.       Okmyansky is a citizen of Russia and Israel.  On or about July 21, 1992, Okmyansky signed a distributorship agreement to become a distributor of Herbalife products ("**Distributor Agreement**"). <u>See</u> Distributor Agreement and translation, Exhibit 4 to <u>Sankaran Declaration.</u> Okmyansky has worked as a full-time distributor of Herbalife products since 1992. Okmyansky Depo p. 16. Between 1992 and 1995, Okmyansky moved between Israel and Russia and in 1995, moved to Massachusetts.  Okmyansky Depo p. 30.  Okmyansky moved from Massachusetts to Canada in January 2003 and currently maintains residences in both Canada and Russia. Okmyansky Depo. pp. 9; 32.

---

[2] Exhibits and deposition transcript excerpts referenced herein are attached to the <u>Sankaran Declaration</u>.

## TERMS OF THE PLAINTIFF'S CONTRACT

3.      In addition to the terms of the Distributor Agreement, Herbalife distributors, including Okmyansky, are compensated based on terms set forth in the Herbalife Career Book ("**Career Book**").  <u>See</u> Transcript of the Deposition of Jackie Fisher ("Fisher Depo.") pp. 39-41, Exhibit 6 to <u>Sankaran Declaration.</u>  The Career Book spells out the method by which distributors are to be compensated for sales of Herbalife products they make as well as those made by the down-line.  <u>Id.</u>; Career Book Exhibit 7 to <u>Sankaran Declaration.</u>  The amount of wholesale and retail profit a distributor earns as well as any royalties or commissions to be paid to a distributor depends on the "volume" earned by the distributor.  Exhibit 7 to <u>Sankaran Declaration</u>, pp. HERBALIFE 6156-61.  The volume any distributor earns is based, in part, on the manner in which product is ordered.  Exhibit 7 to <u>Sankaran Declaration</u>, pp. HERBALIFE 6156-57.

4.      In addition to terms of compensation, the Career Book also contains a section entitled Rules of Conduct and Distributor Policies ("**Rules of Conduct**") which sets forth various rules, policies and procedures which govern the relationship between Herbalife and its distributors.  <u>See</u> Exhibit 8 to <u>Sankaran Declaration</u>; Rules of Conduct, Exhibit A to <u>Amended Complaint and Jury Demand</u> ("**Amended Complaint**"), Exhibit H to <u>Sankaran Declaration.</u>  Okmyansky received a Career Book at the time he executed his Distributor Agreement.  Okmyansky Depo. pp. 28-29; <u>Amended Complaint</u> ¶8.  Between 1994 and 1999, from time to time, the Career Manual has changed.  Fisher Depo. p. 41.

5.      Pursuant to Rules of Conduct, Herbalife distributors are not permitted to be in the down-line of more than one sponsor ( "**Dual-distributorship**").

> An individual may have only one Herbalife Distributorship under one Sponsor.  A Distributor may only participate in the development of one Distributorship.  He is not permitted to retail, recruit, promote, train, educate or otherwise assist in the development of the Herbalife business, for any Distributorship other than his own,

except to assist his downline organization, as is appropriate for a Sponsor.

Rules of Conduct, Rule 4-A, Exhibit A to <u>First Amended Complaint.</u>  Rule 4-A is identical in all versions of the Rules of Conduct from January 1997 through October 1999**.**  <u>See</u> Exhibits 9-21 to Sankaran Declaration.

6.      According to the terms of the Rules of Conduct, Herbalife has absolute discretion in assessing any violations of the Rules of Conduct, including violations of the rule preventing Dual-distributorships.  For example, the Introduction to the Rules of Conduct specifically states, "In its <u>sole</u> <u>and</u> <u>absolute</u> <u>discretion</u>, <u>Herbalife</u> <u>may</u> <u>impose</u> <u>any</u> <u>remedy</u> <u>or</u> <u>sanction</u> <u>it</u> <u>determines</u> <u>best</u> <u>addresses</u> <u>any</u> <u>breach</u> <u>of</u> <u>the</u> <u>Rules</u> <u>of</u> <u>Conduct</u> <u>&</u> <u>Distributor</u> <u>Policies</u>.  Herbalife also reserves the right in its <u>absolute</u> <u>discretion</u> to waive wholly or partially or to pardon or forgive wholly or partially any breach of any of the rules contained in this section."  Rules of Conduct, Introduction, Exhibit A to <u>First Amended Complaint</u> (emphasis added).

7.      The quoted portions of the Introduction are identical to the versions of the Rules of Conduct in effect between March 1999 through October 1999.  The quoted portion of the Introduction was not present in the versions of the Rules of Conduct in effect between January 1994 through March 1999.  However, the introductions to the Rules of Conduct in these versions did not contain contrary language.  <u>See</u> Exhibits 9-21 to Sankaran Declaration.

8.      The Rules of Conduct also provide,

> If Herbalife determines that an individual has signed an Application for Distributorship, or has worked or assisted in the development of another Distributorship as defined in these Rules of Conduct, while obligated to a prior distributorship, <u>Herbalife</u> <u>has</u> <u>sole</u> <u>and</u> <u>absolute</u> <u>discretion</u> <u>to</u> <u>determine</u> <u>the</u> <u>disposition</u> <u>of</u> <u>both</u> <u>Distributorships</u>, as well as any penalties or sanctions it deems necessary and appropriate for the Distributorship and Sponsoring Organization(s).

Rules of Conduct, Rule 4-C, Exhibit A to <u>First Amended Complaint</u> (emphasis added).

9.      Rule 4-C is identical in all versions of the Rules of Conduct from January 1997

through October 1999.  <u>See</u> Exhibits 9-21 to Sankaran Declaration.

10.     Similarly, the Rules of Conduct state,

> Whenever there is a violation of the Herbalife Rules of Conduct and Distributor Policies and other rules and regulations and/or any procedures or directions issued by Herbalife, <u>Herbalife</u> <u>may</u> <u>in</u> <u>its</u> <u>sole</u> <u>discretion</u> <u>take</u> <u>whatever</u> <u>actions</u> <u>or</u> <u>measures</u> <u>it</u> <u>determines</u> <u>necessary</u> <u>and</u> <u>appropriate</u>, including but not limited to suspension of buying privileges, suspension of earnings, monetary fines or deletion or termination of the Distributorship.

Rules of Conduct, Rule 8-L, Exhibit A to <u>First Amended Complaint</u> (emphasis added).

11.      Rule 8-L is identical in all versions of the Rules of Conduct from January 1997 through October 1999.  However, it  appears as Rule 8-M in the versions of the Rules of Conduct in effect from January 1997 through June 1998. <u>See</u> Exhibits 9-21 to Sankaran Declaration.

12.     In the Enforcement Procedures contained in the Rules of Conduct, in assessing complaints for violations of the Rules of Conduct, "<u>[i]n</u> <u>its</u> <u>sole</u> <u>and</u> <u>absolute</u> <u>discretion,</u> <u>the</u> <u>Company</u> <u>[Herbalife]</u> <u>may</u> <u>impose</u> <u>any</u> <u>remedy</u> <u>or</u> <u>sanction</u> <u>it</u> <u>determines</u> <u>best</u> <u>addresses</u> <u>the</u> <u>issue.</u>"  Rules of Conduct, Enforcement Procedure: Complaint Procedure (1)(G), Exhibit A to <u>First Amended Complaint</u> (emphasis added).

13.     Enforcement Procedure G is identical in all versions of the Rules of Conduct from January 1997 through October 1999.  <u>See</u> Exhibits 9-21 to Sankaran Declaration.

### PLAINTIFF'S COMPLAINT

14.     On or about February 24, 2003, Okmyansky filed his Complaint and Jury Demand ("**Complaint**") in the Middlesex Superior Court of the Commonwealth of Massachusetts. Okmyansky Depo. p. 32; <u>see</u> <u>Complaint</u> Exhibit 22 to <u>Sankaran Declaration.</u>  On  or about March 24, 2003, Okmyansky filed his Amended Complaint in the Middlesex Superior Court. <u>Amended  Complaint</u>.  On or about March 28, 2003, Herbalife removed the action from the Middlesex Superior Court to this Court pursuant to 28 U.S.C. §1441.  <u>See</u> Exhibit 23 to <u>Sankaran</u>

Declaration.

15.     In his Amended Complaint, Okmyansky has asserted claims for breach of contract, quantum meruit, promissory estoppel, and implied contract arising out of certain commissions and bonuses which he claims are due to him based on certain individuals in his down-line who allegedly improperly entered into Dual-distributorships.  Amended Complaint.

16.     Specifically, Okmyansky alleges in his Amended Complaint that in or about 1994, he became aware that some of his down-line distributors were "enticed to sign separate and independent distributorship agreements by other persons" in contravention of the Rules of Conduct prohibiting Dual-distributorships.  See Amended Complaint, ¶¶ 12-13, and Exhibit A thereto.  Okmyansky also alleges that over the period of the next several years he learned that Herbalife paid commissions and other compensation that was allegedly due him with respect to the sales volume of these distributors and their organizations, to other sponsors. See Amended Complaint, ¶ 13.  Okmyansky alleges that at various times between 1994 and 1999, he submitted complaints under the Rules of Conduct based on the alleged Dual Distributorships. Okmyansky Depo. pp. 81-111 and Exhibit 3 thereto.

17.     Herbalife conducted its investigation pursuant to its Rules of Conduct, see Exhibit A to Amended Complaint, and informed the Plaintiff of its decisions.  Fisher Declaration, ¶5 and Exhibit 1 thereto.  In response to Okmyansky's repeated questions regarding Herbalife's prior final decisions, by letter dated February 9, 1999, Jackie Fisher ("**Fisher**"), Vice President of Distributor Policy Administration for Herbalife, again corresponded with Okmyansky and clearly and concisely summarized Herbalife's prior decisions with respect to the Plaintiff's claims of unpaid royalties and commissions. Okmyansky Depo. Exhibit 19; Fisher Declaration ¶5 and Exhibit 1 thereto.

**PROCEDURAL ISSUES**

18.     In response to a joint motion filed by the parties, in the Scheduling Order of January 7, 2004, this Court ordered that discovery in this matter be bifurcated in two phases. Exhibit 1 to Sankaran Declaration.  In Phase One, the  parties were to conduct discovery on issues relating to venue, choice of law and statute of limitations.  Id.  In Phase Two, the parties are to conduct discovery on the merits of the case.     Id.  Between January 7, 2004 and May 14, 2004, the parties engaged in discovery on Phase One issues.   On or about May 14, 2004, pursuant to the Scheduling Order, Herbalife filed the Motion of Defendant Herbalife International of America, Inc., To Transfer Venue Pursuant to 28 U.S.C. § 1404(a), the Memorandum of Law In Support of Motion Of Defendant Herbalife International of America, Inc., To Transfer Venue Pursuant to 28 U.S.C. § 1404(a), the Motion for Summary Judgment of Defendant Herbalife International of America, Inc., the Memorandum of Law in Support of Motion for Summary Judgment of Defendant Herbalife International of America, Inc. ("**Herbalife's Summary Judgment Memo**"), Exhibit 24 to Sankaran Declaration, the Declaration of Jackie Fisher, and the Declaration of Annapoorni R. Sankaran (all collectively "**Herbalife's Phase One Motions**").   Exhibit W to Sankaran Declaration.   In Herbalife's Summary Judgment Memo, Herbalife argued that California law applies to Okmyansky's contract.  Herbalife's Summary Judgment Memo, pp. 6-13.

19.     Also pursuant to the terms of the Scheduling Order, on or about June 7, 2004, Okmyansky filed Plaintiff's Opposition to Defendant's Motions for Summary Judgment and to Transfer Venue, Plaintiff's Memorandum in Opposition to Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("**Plaintiff's Venue Opposition**"), Exhibit 25 to Sankaran Declaration, Plaintiff's Response to Defendant's Statement of Undisputed Material

Facts and Statement of Additional Undisputed Material Facts, Plaintiff's Memorandum in Opposition to Motion for Summary Judgment ("**Plaintiff's Summary Judgment Opposition**") Exhibit 26 to Sankaran Declaration, the Affidavit of Evgeny Okmyansky, and the Affidavit of Pavel Bespalko (all collectively "**Okmyansky's Phase One Oppositions**").   Exhibit W to Sankaran Declaration.   In Plaintiff's Venue Opposition, Okmyansky argued that he does not need any more discovery in this matter.   Plaintiff's Venue Opposition, p. 3 ("The only substantive issue in this lawsuit is the justification, if any, for the defendant's refusal to pay the plaintiff his commissions, dividends, and royalties with respect to these individuals.  It is a pure issue of law involving the interpretation of a written contract, and will require virtually no testimony or evidence other than documentary evidence already exchanged."), p. 8 ("The first issue involves the interpretation of a contract which, although it appears to consist of several different parts, is in writing.  Little if any testimony would appear necessary to resolve the question.").  In addition, in Plaintiff's Summary Judgment Opposition, Okmyansky argued that Massachusetts law applies to his contract with Herbalife.   Plaintiff's Summary Judgment Opposition. pp. 3-7.

20.     In response to the additional facts set forth in Okmyansky's Phase One Oppositions, on June 14, 2004, Herbalife filed the Response of Defendant Herbalife International of America, Inc., to Plaintiff's Statement of Additional Undisputed Facts and the Declaration of Joan Kardashian.

21.     At the hearing on Herbalife's Phase One Motions, this Court ordered that prior to considering Herbalife's Phase One Motions and prior to engaging in Phase Two of discovery pursuant to the Scheduling Order, the parties are to file cross-motions for summary judgment solely on the "contractual issue of whether Defendant had authority to refuse to pay Plaintiff the

commissions and bonuses in issue." Order, Exhibit B to <u>Sankaran Declaration.</u>

WHEREFORE, pursuant to FED. R. CIV. P. 56(f) and the terms of this Court's June 21, 2004 Order**,** Defendant Herbalife International of America, Inc., respectfully requests that this Court grant Herbalife summary judgment on all claims asserted by Plaintiff Evgeny Okmyansky in his First Amended Complaint.[3]

## <u>REQUEST FOR ORAL ARGUMENT</u>

Pursuant to Local Rule 7.1(D), defendant Herbalife International of America, Inc., respectfully requests an oral argument on Motion For Summary Judgment Of Defendant Herbalife International Of America, Inc., On Issues Set Forth In The June 21, 2004 Order ("**Defendant's Summary Judgment Motion**").

## <u>LOCAL RULE 7.1(A)(2) CERTIFICATE</u>

I, Annapoorni Sankaran, hereby certify that on July 9, 2004 I sent a letter to counsel for plaintiff by fax and attempted in good faith to resolve the issues regarding Defendant's Summary Judgment Motion and received no response.

/s/ Annapoorni R. Sankaran
Annapoorni R. Sankaran


**RESPECTFULLY SUBMITTED:**
HERBALIFE INTERNATIONAL OF AMERICA, INC.,
Defendant,
By its attorneys:

/s/ Annapoorni R. Sankaran
Gary R. Greenberg, BBO #209420
Annapoorni R. Sankaran, BBO #631065
Courtney B. Pillsbury, BBO #651549
GREENBERG TRAURIG, LLP
One International Place, 20th floor
Boston, MA  02110
(617) 310-6000

---

[3] <u>See</u> footnote 1.

<u>CERTIFICATE OF SERVICE</u>

I Annapoorni R. Sankaran, hereby certify that on July 12, 2004, I served a copy of the foregoing by hand upon: Joel Z. Eigerman, Esq., Pavel Bespalko, Esq., Law Officers of Joel Z. Eigerman, Esq., 50 Congress Street, Boston, MA  02109.

<u>/s/ Annapoorni R. Sankaran</u>
Annapoorni R. Sankaran