UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EVGENY OKMYANSKY,
    Plaintiff,

v.

HERBALIFE INTERNATIONAL OF
AMERICA, INC.,
    Defendant.

Civil Action No. 03-10574-JLT

## DECLARATION OF JACKIE FISHER

I, Jackie Fisher, hereby depose under oath and state as follows:

1. I am over eighteen (18) years of age. I am the Vice President of Distributor Policy Administration for Herbalife International of America, Inc. ("Herbalife"), and I have been employed by Herbalife since December 1983. I submit this Declaration in support of the Motion for Summary Judgment of Defendant Herbalife International of America, Inc., On Issues Set Forth In The June 21, 2004 Order. I have personal knowledge of certain facts contained herein.

2. Herbalife was founded in 1980 and develops and markets weight management products, nutritional food and dietary supplements, and personal care products in 58 countries. Herbalife sells its products through an international network of independent distributors who can purchase products directly from Herbalife. Herbalife operates through a multi-level marketing system through which the distributors can sell Herbalife products and derive revenue from products purchased by other "down-line" distributors he recruits. Distributors of Herbalife products are not employees of Herbalife, but rather are considered independent contractors. Herbalife currently has over one million independent distributors in 50 states and 58 countries worldwide. Each distributor signs a similar Distributor Agreement. Herbalife's headquarters are

located in Century City California, and it has other offices in Inglewood, California. In addition, Herbalife maintains distribution centers in Carson, California and Memphis, Tennessee. Herbalife has no offices or employees in Massachusetts.

3. Herbalife has established and maintains Rules of Conduct and Distributor Policies ("**Rules of Conduct**") which set forth various rules, policies and procedures which govern the relationship between Herbalife and its distributors. Pursuant to Rules of Conduct, Herbalife distributors may have only one Herbalife Distributorship under one Sponsor and are prohibited from dual distributorships.

4. The Plaintiff, Evgeny Okmyansky ("**Okmyansky**"), submitted complaints to Herbalife that some of his downline distributors entered into dual-distributorships by signing separate and independent distributorship agreements in contravention of Rule 4-A of the Rules of Conduct.

5. Pursuant to the Rules of Conduct, Herbalife investigated any and all complaints it received from Okmyansky and notified him of its decision on each complaint. A summary of the decisions that Herbalife made pursuant to the Rules of Conduct, is contained in my February 9, 1999 letter to Mr. Okmyansky attached hereto as Exhibit 1.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 9th DAY OF JULY 2004.

_____
Jackie Fisher
Vice President of Distributor Policy Administration,
Herbalife International of America, Inc.

located in Century City California, and it has other offices in Inglewood, California. In addition, Herbalife maintains distribution centers in Carson, California and Memphis, Tennessee. Herbalife has no offices or employees in Massachusetts.

3. Herbalife has established and maintains Rules of Conduct and Distributor Policies ("**Rules of Conduct**") which set forth various rules, policies and procedures which govern the relationship between Herbalife and its distributors. Pursuant to Rules of Conduct, Herbalife distributors may have only one Herbalife Distributorship under one Sponsor and are prohibited from dual distributorships.

4. The Plaintiff, Evgeny Okmyansky ("**Okmyansky**"), submitted complaints to Herbalife that some of his downline distributors entered into dual-distributorships by signing separate and independent distributorship agreements in contravention of Rule 4-A of the Rules of Conduct.

5. Pursuant to the Rules of Conduct, Herbalife investigated any and all complaints it received from Okmyansky and notified him of its decision on each complaint. A summary of the decisions that Herbalife made pursuant to the Rules of Conduct, is contained in my February 9, 1999 letter to Mr. Okmyansky attached hereto as Exhibit 1.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 9th DAY OF JULY 2004.

*[signature]*
Jackie Fisher
Vice President of Distributor Policy Administration,
Herbalife International of America, Inc.

located in Century City California, and it has other offices in Inglewood, California. In addition, Herbalife maintains distribution centers in Carson, California and Memphis, Tennessee. Herbalife has no offices or employees in Massachusetts.

3. Herbalife has established and maintains Rules of Conduct and Distributor Policies ("**Rules of Conduct**") which set forth various rules, policies and procedures which govern the relationship between Herbalife and its distributors. Pursuant to Rules of Conduct, Herbalife distributors may have only one Herbalife Distributorship under one Sponsor and are prohibited from dual distributorships.

4. The Plaintiff, Evgeny Okmyansky ("**Okmyansky**"), submitted complaints to Herbalife that some of his downline distributors entered into dual-distributorships by signing separate and independent distributorship agreements in contravention of Rule 4-A of the Rules of Conduct.

5. Pursuant to the Rules of Conduct, Herbalife investigated any and all complaints it received from Okmyansky and notified him of its decision on each complaint. A summary of the decisions that Herbalife made pursuant to the Rules of Conduct, is contained in my February 9, 1999 letter to Mr. Okmyansky attached hereto as Exhibit 1.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 9th DAY OF JULY 2004.

*[signature]*
Jackie Fisher
Vice President of Distributor Policy Administration,
Herbalife International of America, Inc.

CERTIFICATE OF SERVICE

    I Annapoorni R. Sankaran, hereby certify that on July 12, 2004, I served a copy of the foregoing by hand upon: Joel Z. Eigerman, Esq., Pavel Bespalko, Esq., Law Officers of Joel Z. Eigerman, Esq., 50 Congress Street, Boston, MA 02109.

                              /s/ Annapoorni R. Sankaran
                              Annapoorni R. Sankaran

# Exhibit 1


## HERBALIFE

HERBALIFE INTERNATIONAL Of AMERICA, INC.
9800 La Cienega Blvd. • Inglewood, CA 90301
(310) 410-9600 • Fax (310) 258-7123

Distributor Policy Administration

February 9, 1999

Anton Okmianski and Evgeny Okmyansky
6 Bonvini Drive
Framingham, MA 01701

Dear Anton and Evgeny,

Carol Hannah has asked that I correspond with in response to your appeal letter regarding Herbalife's resolution of the monetary adjustments on a dual distributorship violation involving Valentina Borisova, File Number RSDD000096. In addition, in various correspondences from you as well as your upline, Leon Waisbein, we have been asked to supply you with information regarding Herbalife's resolution of a number of other cases. I will address each of these matters separately below.

Based on all of the facts of the case involving Valentina Borisova, the resolution was made to transfer the lineage, without monetary adjustments. Part of the basis for this particular resolution is the current and past business situation in Russia, of which I am sure you are aware. The same basis was used in the resolution of the cases of Ludmila Mantsysova, File Number ISDD000042 and Svetlana Sokolova, File Number RSDD000050.

You have also asked about the status of Valery Novorussov, File Number RSDD000111. The file was resolved and the resolution letter was sent on July 30, 1998. The resolution was to move the lineage, without monetary adjustments. The three downline of Valery Novorussov also had dual distributorships. Those cases were resolved prior to the resolution of RSDD000111 and were, therefore, already in the proper lineage.

Other cases you have inquired about are Michaele Archavski, File Number RSDD000107, Elena Goliberenko, File Number RSDD000102 and Mikhail Gorbatov, File Number RSDD000101. These cases were linked, and have all been resolved. The final letter outlining the resolution to move the lineages was sent July 31, 1998. It was also decided to not do monetary adjustments on these cases.

Finally, the following dual distributorship cases, although decided in your favor, were determined to be uncollectable in regard to the monetary adjustments, due to the inactivity of the original upline:

| | | | |
|---|---|---|---|
| RSDD000116 | Olga Zakarikina | RSDD000117 | Svetlana Mirgozodskaya |
| RSDD000097 | Olga Muzalova | RSDD000098 | Elena Kadisheva |
| RSDD000099 | Valentina Muronov | RSDD000100 | Kamil Ishkinyaev |

We appreciate your patience in allowing us the time to fully review all of the information. In regard to your comparison of these cases with other cases, as you know, we review these matters on a case-by-case basis, and must take into consideration all relevant information in each case. While there may be similarities between certain cases, each case is unique, and the resolution is unique based on all the relevant information. In closing, it is our goal to ensure timely communication with our Distributors in the future, and we know we can count on your support.

Sincerely,

Jackie Fisher
Vice President of Distributor Policy Administration
HERBALIFE INTERNATIONAL OF AMERICA, INC.

EXHIBIT NO. 4
4-15-04
R. CORRAL, CSR 7021

cc: Leon Waisbein