# EXHIBIT 24

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EVGENY OKMYANSKY,<br>    Plaintiff,<br><br>v.<br><br>HERBALIFE INTERNATIONAL OF<br>AMERICA, INC.,<br>    Defendant. | Civil Action No. 03-10574-JLT |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT HERBALIFE INTERNATIONAL OF AMERICA, INC.

Pursuant to FED. R. CIV. P. 56(b), defendant Herbalife International of America, Inc. ("**Herbalife**"), hereby submits this memorandum of law in support of the Motion For Summary Judgment Of Defendant Herbalife International Of America, Inc. ("**Defendant's Summary Judgment Motion**").

### STATEMENT OF UNDISPUTED FACTS

The undisputed facts relevant to this memorandum are as set forth in Defendant's Summary Judgment Motion pursuant to Local Rule 56.1, submitted contemporaneously herewith. All capitalized terms contained herein are as defined in Defendant's Summary Judgment Motion.[1]

---

[1] Exhibits and deposition transcript excerpts referenced herein are attached to the Declaration of Annapoorni R. Sankaran (hereinafter "Sankaran Declaration"), submitted contemporaneously herewith.

## ARGUMENT

I. **THE COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF HERBALIFE ON ALL OF PLAINTIFF'S CLAIMS.**

   A. **STANDARD FOR SUMMARY JUDGMENT.**

"Summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." De-JesusÕAdorno v. Browning Ferris Industries of Puerto Rico, Inc., 160 F.3d 839, 841 (1st Cir. 1998). In addition, "summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Terry v. Bayer Corp., 145 F.3d 28, 34 (1st Cir. 1998). Rule 56 of the Federal Rules of Civil Procedure authorizes a court to grant summary judgment. Specifically, Rule 56(c) provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Further, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

"The role of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Camar Corp. v. Preston Trucking Co., Inc., 18 F.Supp.2d 112, 114 (D.Mass. 1998) (citing Mesnick v. General

Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991), cert. denied, 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992)). "The burden is upon the moving party to show, based upon the pleadings, discovery on file and affidavits that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. "This burden may be discharged by pointing out the absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 325 (1986). "When the moving party has carried its burden . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The adverse party may not rest upon "mere allegations or denials," Fed. R. Civ. P. 56(e), but "must set forth specific facts showing that there is a genuine issue for trial." Id.

To defeat a properly supported motion for summary judgment, a factual issue must be both "genuine" and "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A factual issue is not "genuine" unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. A factual issue is not "material" unless it "might affect the outcome of the suit under the governing law." Id. In deciding whether there is a genuine issue of material fact, the court must draw all reasonable inferences in favor of the nonmoving party. Id. at 255. However, the First Circuit has noted that "[a] genuine issue of material fact does not spring into being simply because a litigant claims that one exists. Neither wishful thinking nor 'mere promise[s] to produce admissible evidence at trial'. . . nor conclusory responses unsupported by evidence . . . will serve to defeat a properly focused Rule 56 motion." Martinez v. New England Medical Center Hospitals, Inc., 307 F.Supp.2d 257, 264

(Tauro, J.) (D. Mass. 2004) citing Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

Where summary judgment is sought on the basis of statute of limitations, "once the defendant establishes that the time period between the plaintiff's injury and the plaintiff's complaint exceeds the limitations period set forth in the applicable statute, the plaintiff bears the burden of alleging facts which would take his or her claim outside the statute." Fay v. Aetna Life Insurance And Annuity Co., 307 F. Supp. 2d 284, 290 (D. Mass. 2004) quoting McGuiness v. Cotter, 412 Mass. 617, 620, 591 N.E.2d 659, 661-662 (1992). Even drawing all inferences in favor of Okmyansky in this action, there is no genuine issue of material fact on Okmyansky's claims and the Court should grant summary judgment in Herbalife's favor.

    B.    **DEFENDANT SHOULD BE AWARDED SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS WITH RESPECT TO TWENTY HERBALIFE DISTRIBUTORS BECAUSE HE ERRONEOUSLY CLAIMED HE WAS OWED ROYALTIES AND/OR COMMISSIONS WITH RESPECT TO THEM.**

Herbalife is entitled to summary judgment with respect to twenty Herbalife distributors which are the subject of Okmyansky's Amended Complaint. Okmyansky (1) recanted his claims with respect to ten of them; (2) was unsure whether he had a claim with respect to nine of them and Herbalife records reveal there was no Dual Distributorships for these individuals; and (3) never made a claim to Herbalife with respect to the last one. First and foremost, Okmyansky recanted his claims with respect to certain individuals. Okmyansky testified unequivocally at his deposition on March 29, 2004, that he is <u>not</u> <u>asserting</u> <u>any</u> <u>claims</u> with respect to the following accounts: Svetlana Sokolova, Olga Muzalova, Elena Kadisheva, Valentina Muronov, Kamil Ishkinyaev,

Tatiana Veriaskina, Denis Guziakov, Irina Verishko, either because he had received full payment of any commissions or royalties he was due, because there is "no claim," or because the individuals were part of another distributor's claims. Okmyansky Depo. p. 111. In addition, Okmyansky testified that he erroneously listed Leon Waisbein and Sergei Vilenski on his Statement Pursuant to F.R.C.P. 26(f) as persons "whose contracts and contributions constitute the bases of the plaintiff's entitlement to commissions, royalties, and other payments from the defendant." Okmyansky Depo. pp. 109-111. Plaintiffs' counsel confirmed this as well. Okmyansky Depo. p. 109. For these reasons, summary judgment should be awarded to Herbalife with respect to any and all asserted claims regarding the accounts of Svetlana Sokolova, Olga Muzalova, Elena Kadisheva, Valentina Muronov, Kamil Ishkinyaev, Tatiana Veriaskina, Denis Guziakov, Irina Verishko, Sergei Vilenski, Leon Waisbein as they were recanted. See Amended Complaint, ¶¶ 12-13.

Further, Herbalife is entitled to summary judgment for Okmyanskly's claims where there are no Dual Distributorships. Okmyansky testified that he was "unsure" as to whether he actually has a claim of lost commissions, royalties, and other payments due to Dual Distributorships of Elena Artamonova, Elvira Tabolova, Igor Averin, Pavel Lebedev, Edouard Olevinski, Irina Balabanova, Alexander Federov, Galina Griboedova, and Igor Zamrin. Okmyansky Depo. pp. 107-111. Herbalife reviewed its records and determined that none of the above listed individuals signed Dual Distributorships. See Fisher Declaration., ¶8.[2] Therefore, it is undisputed that there is no Dual Distributorship

---

[2] Indeed, in the instance of Denis Guziakov and Irina Verishko, Okmyansky explained that he was not asserting separate claims with respect to these individuals, but rather, they were part of his claim regarding Valentina Borisova. Okmyansky Depo. p. 110 ("there is no separate case for Guziakov. . . he is included in Borisova. . . and just like Guziakov, [Verishko's] part of Borisova's case").

5

with respect to these individuals, and therefore, Herbalife is entitled to judgment as a matter of law.

Finally, Herbalife is entitled to summary judgment on Okmyansky's claim regarding one individual for whom Okmyansky never submitted a claim. When asked: "Who is Dmitri Yurin?," Okmyansky testified "I don't know. Perhaps somebody downline. . . I didn't submit any complaints, . . ." Okmyansky Depo., p. 35. When asked if Dmitri Yurin was part of the subject of his amended complaint, Okmyansky stated "Not explicitly, not by me . . ." Okmyansky Depo., p 36. Okmyansky's claims are based on the underlying assumption that when he complained to Herbalife that some of his distributors signed Dual Distributorships in contravention of Herbalife policy, Herbalife "failed and refused to make any adjustments for the commissions and other compensation diverted by it from the plaintiff to other sponsors." Amended Complaint, ¶ 15. Therefore, if no Dual Distributorships actually existed, and Okmyansky never complained to Herbalife about Dmitri Yurin, then Okmyansky has no claim with respect to this individual and summary judgment must be granted in favor of Herbalife.

C. **DEFENDANT SHOULD BE AWARDED SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS WITH RESPECT TO EIGHT HERBALIFE DISTRIBUTORS BECAUSE HE FAILED TO BRING THE CLAIMS WITHIN THE APPLICABLE STATUTE OF LIMITATIONS.**

1. **Principles of Choice Of Law Governing The Applicable Statute Of Limitations.**

The issue currently before this Court is what state (or country's) statute of limitations should be applied to Okmyansky's claims. In diversity cases, the First Circuit applies the forum state's choice of law rules. See Rest. Preserv. Masonry v. Grove

Europe Ltd., 325 F.3d 54, 63, n. 4 (1st Cir. 2003); Auto Europe, LLC v. Conn. Indem. Co., 321 F.3d 60, 64 (1st Cir. 2003). As such, Massachusetts' choice of law rules apply.

Massachusetts abandoned the traditional view that statute of limitations is "procedural" and therefore automatically governed by the law of the forum. New England Tel. & Tel. Co. v. Gourdeau Constr. Co., 419 Mass. 658, 660, 664, 647 N.E. 2d 42, 43-44, 46 (1995); Nierman v. Hyatt Corp, 59 Mass. App. Ct. 844, 845, 798 N.E.2d 329 (2003). Instead, the Supreme Judicial Court ("**SJC**") in Gourdeau, 419 Mass. at 660, adopted the functional approach set forth in the Restatement (Second) of Conflict of Laws ("**Restatement**") § 142 (1989) which states:

> In general, unless the exceptional circumstances of the case make such a result unreasonable: (1) The forum will apply its own statute of limitations barring the claim; (2) The forum will apply its own statute of limitations permitting the claim unless: (a) maintenance of the claim would serve no substantial interest of the forum; and (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.

Arguably the six-year statute of limitations of Massachusetts would permit Okmyansky's claims with respect to some of the distributors identified. See MASS. GEN. L. c. 260, §2. Under these circumstances, the inquiry requires the Court to determine if the two conditions of Restatement § 142(2) are satisfied. If so, then the Massachusetts six year statute of limitations is not applicable. As demonstrated infra, since both conditions are met here, the Massachusetts statute of limitations is not applicable but rather the California statute of limitations applies.

  (a). **Maintenance of this claim would serve no substantial interest of Massachusetts.**

The connection between Okmyansky's claims and Massachusetts is tenuous at best and Massachusetts has no substantial interest in resolving Okmyansky's claim.

7

Although Okmyansky lived in Massachusetts for a period of time between 1995 and 2003 and corresponded with Herbalife during this time regarding his complaints, this contact alone is insufficient to warrant application of Massachusetts' six-year statute of limitation. See Okmyansky Depo. pp. 30; 32; Kahn v. Royal Insurance Company, 429 Mass. 572, 574-575, 709 N.E. 2d 822, 824-825 (1999) (analyzing choice of law, even where the accident occurred in Massachusetts and the plaintiffs are Massachusetts residents, Massachusetts had no substantial interest in the insurance policy claim). Okmyansky no longer resides in Massachusetts and did not even reside here when he filed his Complaint. Okmyansky Depo. pp 9, 32.[3]

Okmyansky first learned about Herbalife, a corporation with its principal place of business in Century City, California, while he was living in Israel, not in Massachusetts. Okmyansky Depo. p. 21. Ultimately, Okmyansky executed the Herbalife Distributor Agreement in 1992, while still living in Israel. Okmyansky Depo. pp. 24-25. No one from Massachusetts participated in Okmyansky's decision to execute the Distributorship Agreement. Okmyansky Depo. pp. 25-28. Since signing the Distributor Agreement, he has lived and performed under the contract in countries all over the world, including Israel, Russia, the United States and Canada. Okmyansky Depo. pp. 29-32. During the time he was living in Israel and Russia, Okmyansky recruited a number of Herbalife distributors to work in his "down-line," including the "Russian Distributors." Okmyansky Depo., pp. 33-35; 50-57. Okmyansky alleges that he is owed commissions and royalties based on sales made by some of the Russian Distributors he recruited. Amended Complaint, ¶ 13. Each of the Russian Distributors to which he claims he is owed money

---

[3] Okmyansky alleges that he was a resident of Lincoln, Massachusetts when he filed his complaint dated February 24, 2003 Complaint ¶ 1. However, in his deposition, he testified that he moved from Massachusetts to Canada in January 2003. Okmyansky Depo p. 32.

by Herbalife, is a distributor he recruited while living in Israel and Russia, not Massachusetts, who themselves were living in Russia at the time, and many of whom still live and work in Russia. See Plaintiff's Statement Pursuant to F.R.C.P. 26(f); Okmyansky Depo. p. 33-45; 50-57. There is nothing to suggest that any of the Russian Distributors have any significant contact with Massachusetts to warrant application of the Massachusetts' statute of limitations. These circumstances demonstrate that Massachusetts has no connection with the plaintiff's claims.

### (b). California has the most significant relationship to this dispute and therefore the California statute of limitations applies.

Since maintenance of this claim would serve no interest of Massachusetts, "our focus should be on which State has the most significant relationship to the occurrence and to the parties." Newburyport Five Cents Svgs. Bk. v. Macdonald, 48 Mass. App. Ct. 904, 905, 718 N.E.2d 404, 405 (1999) quoting Gourdeau, 419 Mass. at 661, 647 N.E.2d at 44. Factors to consider in determining the state with the most significant relationship include:

- the place of contracting;
- the place of negotiation of the contract;
- the place of performance;
- the location of the subject matter of the contract; and
- the domicile, residence, nationality, place of incorporation and place of business of the parties

See Restatement § 188 (2). The Plaintiff was introduced to Herbalife in Israel, negotiated and signed the contract in Israel and initially performed under the contract in Israel. Okmyansky Depo. p. 25. While the Plaintiff later performed under the contract in Russia, the United States and more recently in Canada, the performance which is subject to the Plaintiff's Complaint is that which was done while he was still living in Russia, namely the recruitment of Russian Distributors and the royalties and commissions alleged

owed him. See Okmyansky Depo. pp. 33-45; 50-57. Standing alone, these factors suggest that one of three different statute of limitations may apply: that of Israel, Russia or California, and therefore provide little guidance for this Court. However, when taken in consideration with the principles of Restatement § 6 (2), it becomes clear that the state with the most significant relationship with this dispute is California. See Restatement § 142 ("whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6."); Gourdeau, 419 Mass. at 664 n. 6, 647 N.E.2d at 45 n.6 (the general principles of section 6 will be applied when selecting among conflicting statutes of limitations). The principles of Restatement § 6(2) include:

> (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied.

Restatement § 188 provides that protection of the **justified expectations** of the parties "is the **basic policy underlying the field of contracts**." See Clarendon National v. Arbella Mut., 60 Mass. App. Ct. 492, 497, 803 N.E. 2d 750, 753 (2004). Based on Okmyansky's testimony, there is no question that the primary reason he decided to execute any contract with Herbalife was because it was an American company, that paid its distributors in American dollars. Okmyansky Depo. pp. 21, 28-29; 65. Plaintiff expected that by becoming an Herbalife distributor, he would reap the benefits of being affiliated with an American company, established and organized under American law – not Israeli law and not Russian law. Moreover, because there is nothing to suggest that the Plaintiff, a citizen of Russia living in Israel at the time he entered into the Distributor

Agreement, had any expectation that the law of Massachusetts would apply to his contract with a California corporation[4], then the Plaintiff could have only expected that the law of California would apply. Restatement § 188 comments b. Indeed, he knew that Herbalife had offices in California at the time he entered into the Distributor Agreement and knew of no other Herbalife offices located in the United States. Okmyansky Depo. pp. 65-67. Furthermore, even if Herbalife has distributors in Massachusetts, it could have never anticipated or expected to have its rights and obligations under the contract signed by Okmyansky decided under Massachusetts law. The parties' justified expectations and the underlying policy of contracts would be best served by applying California law.

The **needs of interstate and international systems** and the desire for **certainty, predictability and uniformity of result** also dictate that the law of California apply to the Plaintiff's complaint. "Deference to sister state law in situations in which the sister state's substantial contacts with a problem give it a real interest in having its law applied . . . will at times usefully further this part of the law's total task." Cosme v. Whitin Machine Works, Inc., 417 Mass. 643, 649, 632 N.E. 2d 832, 836 (1994) quoting R.A. Leflar, American Conflicts Law § 104, at 293 (4th ed. 1986). Defendant Herbalife is a Nevada Corporation with offices in Inglewood, California and its headquarters in Century City, California. Exhibit A to Sankaran Declaration; Fisher Declaration, ¶3. In addition, Herbalife maintains a distribution center in Carson, California and Memphis, Tennessee. Fisher Declaration, ¶ 3. Herbalife has no offices or employees in Massachusetts. Id. Plaintiff's written complaints, which are the subject of his Amended Complaint, were sent to either Ludmila Federosteva or Carol Hannah, who both worked at Herbalife

---

[4] On or about January 13, 2004, Herbalife reincorporated in Nevada and ceased existence as a California Corporation. Exhibit A to Sankaran Declaration. However, it still maintains its headquarters in Century City, California.

11

headquarters in California at that time. Fisher Declaration, ¶ 8. The investigation and research was performed, and the decisions were rendered by Herbalife employees in California. Fisher Declaration, ¶7. Under these circumstances, Massachusetts, Israel and Russia do not have the same interest in seeing their laws applied. See *supra* at p. 7. (Part I (C)(1)(a))

Additionally, Herbalife currently has over one million independent distributors in 58 countries worldwide, each of whom sign a similar Distributor Agreement. Fisher Declaration, ¶ 2. To have identical contracts interpreted under the laws of over 58 countries and 50 states would likely result in widely inconsistent rights from one distributor to the next, not to mention create an untenable situation for Herbalife requiring it to defend its rights and obligations under the laws of over 100 jurisdictions. See W.R. Grace v. Hartford, Acc. & Ind. Co., 407 Mass. 572, 585, 555 N.E.2d 214, 221 (1990) (where the Supreme Judicial Court stated that to obtain uniform and practical coverage nationwide for a multi-state corporation, it is desirable that the law of one state govern the interpretation of comprehensive general liability policies).

Where neither the plaintiff nor the defendant is a resident of Massachusetts, there is no explicit policy that would suggest Massachusetts law should apply. Compare Harrison v. Netcentric Corp., 433 Mass. 465, 470, 471, 744 N.E.2d 622, 627-628 (2001)(Massachusetts' policy that the state of incorporation dictates the choice of law regarding internal affairs of a corporation); Cosme 417 Mass. at 649, 632 N.E.2d at 836 (Massachusetts' policy of desiring a resident plaintiff be compensated and a resident defendant be held accountable for conduct which took place in Massachusetts). Furthermore, **the relevant policies of California and the relative interests of**

**California** weigh in favor of applying its statute of limitations. Clearly, California would have an interest in adjudicating a claim against a defendant corporation with a principal place of business in its state. See Piper Aircraft v. Reyno, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 258 n. 6 (1981) (Under forum non conveniens analysis, there is presumed a local interest in having local controversies decided at home); Magnant v. Medtronic, Inc., 818 F.Supp. 204, 207 (W.D. Mich. 1983) (where injury allegedly involved conduct by corporate defendant, state of incorporation had interest in applying its laws; state of incorporation also has interest in providing its corporations with certainty and predictability of results); Flight Attendants v. Air Micronesia, 684 F.Supp. 1520, 1529 (D.Hawaii 1988) (State has interest in applying its shorter statute of limitations because the purpose of statute of limitations is to protect courts and defendants by barring stale claims).

Finally, when considering the **ease in the determination and application of the law to be applied,** ostensibly American law would be easier to apply than foreign law. The court can take judicial notice of the law of other American jurisdictions. However, in analyzing Russian law and Israeli law, the parties may need to retain experts. The convenience for the court, coupled with the difficulties and expense for both parties to locate and retain experts in Israeli and Russian law, suggests that United States law should apply.

In total, the factors of Restatement §§ 6 and 188 indicate that the law of California should govern the applicable statute of limitations to plaintiff's claims.

13

## 2. California's Statute Of Limitations Bars Plaintiff's Claims.

California law provides that an action based upon any written contract must be brought within four years from the date the cause of action accrued. See CAL. CIV. PRO. CODE §337. A cause of action for breach of contract "accrues" at the time of the breach, regardless of whether any damage is apparent or whether the injured party is aware of his right to sue. Nassif v. Yacker, 72 Fed.Appx. 605, 606; 2003 WL 21774031, * 1 (9th Cir. 2003)(under California law, insured' claim against insurer accrued when insurer refused to pay benefits to insured); Cochran v. Cochran, 56 Cal.App.4th 1115, 1120; 66 Cal.Rptr.2d 337, 340; (1997); Mullins v. Rockwell Internat. Corp., 936 P.2d 1246, 1251, 15 Cal.4th 731, 740-741, 63 Cal.Rptr.2d 636, 641 (1997); Whorton v. Dillingham, 202 Cal.App.3d 447, 456 (1988); 2 Witkin, Cal. Procedure (2d ed. 1970) § 284, p. 1133. Under California law, Okmyansky failed to file his complaint within the requisite limitations period.

Okmyansky testified at his deposition that he is claiming lost commissions, royalties, and other payments with respect to the Eight Distributors. See Okmyansky Depo. pp. 110-111. He alleges that in or about 1994, he became aware that some of his "down-line" distributors were "enticed to sign separate and independent distributorship agreements by other persons" in contravention of Rule 4-C of the *Rules of Conduct & Distributor Policies.* See Amended Complaint, ¶¶ 12-13. He also claims that over the period of the next several years he learned that Herbalife paid commissions and other compensation that were due him with respect to the sales volume of these distributors and their organizations, to other sponsors. See Amended Complaint, ¶ 13. Ultimately in February 1999, as alleged by Okmyansky, Herbalife "failed and refused to make any

adjustments for the commissions and other compensation diverted by it from the plaintiff to other sponsors." Amended Complaint, ¶ 15. Although Herbalife had given Okmyansky final decisions with respect to the Eight Distributors prior to 1999, by letter dated February 9, 1999, Jackie Fisher again summarized Herbalife's prior decisions regarding Okmyansky's claims of unpaid royalties and commissions with respect to, among others, the Eight Distributors. Okmyansky Depo. Exhibit 19. It is undisputed that as of February 9, 1999, the Plaintiff knew that he would not receive "monetary adjustments" related to his claims. Okmyansky Depo. p. 102; Okmyansky Depo. Exhibits 19, 20. Therefore, the last possible date on which Plaintiff's claim accrued was February 9, 1999.

Under Celotex, 477 U.S. at 325, Okmyansky can produce no facts to support a claim of tolling the statute of limitations. See Fay, 307 F. Supp.2d at 290. California provides for tolling of the statute of limitations in limited circumstances. See Jessica H. v. Allstate Ins. Co., 155 Cal. App. 3d 590, 594, 202 Cal.Rptr. 239, 242 (App. 4 Dist. 1984)(limitations period tolled where beneficiary under no fault auto policy was a minor); see also CAL. CIV. PRO. CODE §352; April Enterprises, Inc. v. KTTV, 147 Cal.App.3d 805, 826-827 (1983)(articulating the discovery rule which tolls the statute of limitations until the plaintiff discovered his injury and the cause or could have discovered it through the exercise of reasonable diligence); El Pollo Loco, Inc. v. Hashim, 316 F.3d 1032, 1038-1039 (9th Cir. 2003) (limitations period tolled where discovery of breach of contract was hindered by fraud and/or misrepresentation); Seymour v. Hull & Moreland Engineering, 418 F.Supp. 190, 197, (C.D. Cal. 1976), affirmed in part, remanded in part 605 F.2d 1105 (9th Cir. 1979) (limitations period tolled where defendants' breach of trust

and confidence prevented plaintiff's knowledge of facts upon which their cause of action was based).

Okmyansky can set forth no facts from the records to support a claim of tolling the statute of limitations. Okmyansky was not a minor or disabled when the alleged breach occurred. Jessica H., 155 Cal. App. 3d at 594, 202 Cal.Rptr. at 242; CAL. CIV. PRO. CODE §352. This is not a situation where the cause of action is based upon an "inherently unknowable" wrong. April Enterprises, Inc., 147 Cal.App.3d at 826-827. Quite the contrary, Okmyansky believed as early as 1994 that Herbalife was wrongfully withholding compensation from him. See also Amended Complaint, ¶¶ 13-15 Okmyansky has not alleged fraud on the part of Herbalife, El Pollo Loco, Inc., 316 F.3d at 1038-1039 nor has Okmyansky alleged that Herbalife breached a fiduciary duty, Seymour, 418 F.Supp. at 197. See also Amended Complaint.[5]

Viewing the facts in the light most favorable to the Plaintiff, the cause of action accrued sometime between 1994 and, at the very latest, February 9, 1999. Under California's four-year statute of limitations, Okmyansky was obligated to file his complaint on or before February 9, 2003. The Plaintiff did not file his complaint until February 24, 2003 and therefore, as a matter of law, Herbalife is entitled to summary judgment with respect to any and all claims regarding the Eight Distributors. See Complaint.

---

[5] To the extent the Plaintiff argues that there may be a "continuing wrong" that would toll the statute of limitations from running, the distributors to which the Plaintiff claims he is owed commissions and royalties ceased working as one of his Herbalife distributors sometime in 1995, 1997 or 1998 and any "wrong" would have discontinued at the time of their departure from Okmyansky's down-line. Okmyansky Depo. pp. 35-44.

16

### 3. The Statute Of Limitations Bars Certain of Plaintiff's Claims Under The Laws Of Russia And Massachusetts.[6]

Assuming *arguendo*, that this Court applies the law of either Russia or Massachusetts, all of Okmyansky's claims would be barred under Russia's statute of limitations, and at least one barred under the laws of Israel and Massachusetts. In Russia, the general limitation period which applies to an action based on contract is three years. See Report of Ye. P. Gubin attached as Exhibit N to Sankaran Declaration. Under MASS. GEN. L. c. 260, §2, "actions of contract... shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues."

In both Massachusetts and Russia, as in California, a cause of action for breach of contract "accrues" at the time of the breach. See Exhibit N to Sankaran Declaration (Article 200 of the CCRF provides that the accrual date of any cause of action, is the day when the aggrieved party has found out or should have found out that its right has been violated); Frank Cooke, Inc. v. Hurwitz, 10 Mass. App. Ct. 99, 106, 406 N.E. 2d 678, 683 (1980)(the general rule in breach of contract cases is that a cause of action accrues when the contract is breached). In this case, Okmyansky claims that Herbalife breached their contract by allegedly failing to pay Okmyansky for certain commissions, royalties and bonuses that he believes were due on the accounts of Russian Distributors. See Amended Complaint, ¶ 15. These claims accrued at the earliest very latest on December 2, 1994, and at the latest, February 9, 1999. Okmyansky Depo. p. 87 and Exhibit 19 thereto.

---

[6] Pursuant to Section 5 of the Israeli Statute of Limitations, 5718 – 1958, the standard limitation period for non real-property claims is seven years. Report of Mordechai Baicz, attached as Exhibit M to Sankaran Declaration. Also, under Israeli law, a cause of action for breach of contract "accrues" at the time of the breach. See Exhibit M to Sankaran Declaration (Section 6-Israeli Statute of Limitations provides that the limitation period usually commences on the date on which the elements of the legal cause of action accrued, or in other words, at the time of the breach). As the Israeli applicable statute of limitations is seven years, there are potentially no barred claims.

Again, under Celotex, 477 U.S. at 325, Okmyansky has the burden to set forth facts to support a claim of tolling the statute of limitations. See Fay, 307 F. Supp.2d at 290.[7] There are no such facts present in this case.

Therefore, if this Court applied Russia's three-year statute of limitations, Okmyansky's claims with respect to all Eight Distributors would be time-barred, having had to be filed no later than February 9, 2002 (based on the latest possible date Okmyansky's claims accrued). Also, under Massachusetts the statute of limitations would bar Okmyansky's claims with respect to Ludmila Mantsysova because Okmyansky admitted that he learned about Herbalife's decision regarding the case of Mantsysova at least as of December 2, 1994. Okmyansky Depo., p. 87. Therefore, Okmyansky would have been required to file his claim regarding Mantsysova on or before December 2, 2002 under Massachusetts law. See MASS. GEN. L. c. 260, §2. As such, his complaint, dated February 24, 2003 was not timely filed.

---

[7] None of the exceptions for tolling the statute of limitations under the laws of Massachusetts and/or Russia apply to the case at bar. See MASS. GEN. L. c. 260, §7; International Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc., 29 Mass. App. Ct. 215, 222, 560 N.E.2d 122, 126 (1990), citing Frank Cooke, Inc., 10 Mass. App. Ct. at 106, 406 N.E.2d at 683 (limitations period tolled where wrong is "inherently unknowable"); MASS. GEN. L. c. 260, §12 (limitations period tolled where defendant engaged in fraud to conceal cause of action); Frank Cooke, Inc, 10 Mass. App. Ct. at 108, 406 N.E.2d at 684-685 (articulating rule that statute of limitations may be tolled where defendant breached fiduciary duty to disclose cause of action); Exhibit N to Sankaran Declaration (Under Russian law, limitations period tolled where "[i]f an exceptional event that could not be avoided under the circumstances (force majeure) has prevented the filing of a lawsuit. . . .where plaintiff is member of Armed Forces that have been placed on the war footing . . .for reasons of any deferral (moratorium) on performance of obligations as may have been established by the Government of the Russian Federation on the basis of law. . . and [d]ue to suspension of any law or other regulation governing the respective relationship").

## CONCLUSION

Based on the foregoing, Defendant Herbalife International of America, Inc., respectfully requests that this Court grant summary judgment on all claims asserted by Plaintiff Evgeny Okmyansky in his First Amended Complaint.

**RESPECTFULLY SUBMITTED:**

HERBALIFE INTERNATIONAL OF
AMERICA, INC.,
Defendant,
By its attorneys:

Gary R. Greenberg, BBO #209420
Annapoorni R. Sankaran, BBO #631065
Courtney B. Pillsbury, BBO #651549
GREENBERG TRAURIG, LLP
One International Place
Boston, MA  02110
(617) 310-6000

CERTIFICATE OF SERVICE

I Annapoorni R. Sankaran, hereby certify that on May 14, 2004, I served a copy of the foregoing by hand upon: Joel Z. Eigerman, Esq., Pavel Bespalko, Esq., Law Officers of Joel Z. Eigerman, Esq., 50 Congress Street, Boston, MA 02109.

Annapoorni R. Sankaran