# EXHIBIT 28

Westlaw.

11 Fed.Appx. 927  
(Cite as: 11 Fed.Appx. 927, 2001 WL 564338 (9th Cir.(Cal.)))

Page 1

C  
Briefs and Other Related Documents

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36-3.)

United States Court of Appeals,  
Ninth Circuit.

Moshe MIRON; Dorit Miron, Plaintiff-Appellant,  
v.  
HERBALIFE INTERNATIONAL, INC.; Herbalife International of America, Inc.,  
Defendant-Appellee.

No. 99-17647.  
D.C. No. CV-98-04814-MJJ.

Submitted May 18, 2001. [FN1]

FN1. The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2)

Decided May 24, 2001.

Distributors brought action against supplier, alleging claims for breach of contract and breach of the implied covenant of good faith and fair dealing, common law fraud and negligent misrepresentation, breach of fiduciary duty, violation of federal and state securities laws. the United States District Court for the Northern District of California, Martin J. Jenkins, J., dismissed with prejudice all of the claims for failure to state a claim, and distributors appealed. The Court of Appeals held that: (1) breach of contract action could not be maintained where there was no instrument in writing imposing obligations on supplier; (2) supplier could not be held liable under California law on a bad faith claim for doing what was expressly permitted in an agreement or what was within the parties' reasonable expectations; (3) distributors' conclusory statements that supplier's multi-level marketing plan was nothing more than a "sophisticated pyramid scheme" were insufficient to satisfy the requirement for particularity in pleading fraud claims under federal and California law; and (4) conclusory allegations about the existence of a pyramid scheme were not enough to support a claims against supplier for illegal business practices under California Business and Professions Code.

Affirmed.

West Headnotes

[1] Contracts ⚖33  
95k33 Most Cited Cases

Under California law, in order for a breach of contract action to be based on an instrument in writing, the writing must express the obligation sued upon.

[2] Contracts ⚖312(1)  
95k312(1) Most Cited Cases

A party cannot be held liable under California law on a bad faith claim for doing what is expressly permitted in an agreement or what is within the parties' reasonable expectations.

[3] Fraud ⚖12  
184k12 Most Cited Cases

To state a viable claim for misrepresentation under California law, a plaintiff must show that the defendant did not intend to perform the promises at the time they were made.

[4] Federal Civil Procedure ⚖636  
170Ak636 Most Cited Cases

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

11 Fed.Appx. 927
(Cite as: 11 Fed.Appx. 927, 2001 WL 564338 (9th Cir.(Cal.)))

Page 2

Distributors' conclusory statements that supplier's multi-level marketing plan was nothing more than a "sophisticated pyramid scheme" were insufficient to satisfy the requirement for particularity in pleading fraud claims under federal and California law. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.

[5] Fraud ⚖12
184k12 Most Cited Cases

[5] Fraud ⚖13(1)
184k13(1) Most Cited Cases

Distributors failed to establish misrepresentation claim against supplier under California law since they failed to provide any facts which support that the statements by supplier were false at the time they were made, or that supplier did not intend to perform the promises at the time they were made.

[6] Consumer Protection ⚖12
92Hk12 Most Cited Cases

Distributors' conclusory allegations about the existence of a pyramid scheme were not enough to support a claims against supplier for illegal business practices under California Business and Professions Code. West's Ann.Cal.Bus. & Prof.Code §§ 17200, 17500.

*928 Appeal from the United States District Court for the Northern District of California Martin J. Jenkins, District Judge, Presiding.

Before NOONAN, SILVERMAN, Circuit Judges and LASNIK, [FN2] District Judge.

> FN2. The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

MEMORANDUM [FN3]

> FN3. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.

**1 Herbalife International of America, Inc. (Herbalife), a publicly traded corporation, develops and distributes nutritional, weight loss, and personal care products through a global network of independent distributors. Moshe and Dorit Miron (the Mirons) entered into their current distributorship agreement with Herbalife in July 1992. The Mirons have since developed an extensive distribution network in several countries, earning recognition as one of the *929 most successful distributors within the Herbalife system.
In November 1996, Herbalife reassigned one of the Mirons' recruits and his downline distributors from the Mirons' distribution network to that of another Herbalife distributor.

The Mirons filed a complaint against Herbalife on December 16, 1998, alleging claims for breach of contract and breach of the implied covenant of good faith and fair dealing, common law fraud and negligent misrepresentation, breach of fiduciary duty, violation of federal and state securities laws, violation of Sections 17200 and 17500 of the California Business and Professions Code, and interference with prospective economic advantage.
The Mirons filed First and Second Amended Complaints. Ultimately, the district court dismissed with prejudice all of the Mirons' claims for failure to state a claim.

The Mirons waived appeal of their claims for federal and state securities fraud, breach of fiduciary duty, and interference with prospective economic advantage because they failed to raise those claims in their opening brief. *See All Pacific Trading, Inc. v. Vessel M/V Hanjin Yosu,* 7 F.3d 1427, 1434 (9th Cir.1993).

I. Breach of Contract

The Mirons claim that Herbalife breached the parties' distribution contract when it reassigned one of the Mirons' recruits and his downline distributors and refused to pay royalties and bonuses on those reassigned distributors.

None of the documents the Mirons attach to their pleadings bears their name. Even if these documents represent the terms of the contract entered into by the Mirons and Herbalife, the documents contain policies and rules that *distributors* are obligated to abide by, not Herbalife.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

11 Fed.Appx. 927  
(Cite as: 11 Fed.Appx. 927, 2001 WL 564338 (9th Cir.(Cal.)))

Page 3

Further, even if the policies and rules attached to the pleadings were construed as obligations owed by Herbalife, such policies and rules do not prohibit Herbalife from reassigning downline distributors, or address Herbalife's responsibility regarding payment of royalties.

[1] "[I]n order for [a breach of contract] action to be based on an instrument in writing, the writing must express the obligation sued upon." *Murphy v. Hartford Accident & Indem. Co.,* 177 Cal.App.2d 539, 2 Cal.Rptr. 325, 328 (Cal.Ct.App.1960); *see Frances T. v. Village Green Owners Ass'n,* 42 Cal.3d 490, 229 Cal.Rptr. 456, 723 P.2d 573, 586 (Cal.Ct.App.1986) (A breach of contract claim must fail where no provision of the alleged contract imposed an obligation on the defendant). The district court's dismissal of the Mirons' breach of contract claims was proper because the Mirons failed to allege any provision of the contract which supports their claim.

II. Breach of the Implied Covenant of Good Faith and Fair Dealing

**2 [2] The Mirons also assert that Herbalife breached the implied covenant of good faith and fair dealing when it reassigned the Mirons' downline distributors. However, a party cannot be held liable on a bad faith claim for doing what is expressly permitted in an agreement or what is within the parties' reasonable expectations. *See Carma Developers, Inc. v. Marathon Dev. Cal., Inc.,* 2 Cal.4th 342, 6 Cal.Rptr.2d 467, 826 P.2d 710, 728 (Cal.1992).

Under the terms of the contract alleged by the Mirons, Herbalife reserves the right to enforce the Rules of Conduct, including the right to revoke the Mirons' distributorship altogether. The Mirons cannot claim that they did not reasonably expect that Herbalife reserved rights under the contract to unilaterally take action against distributors. Therefore, the district court properly dismissed the Mirons' claim for breach of the implied covenant of good faith and fair dealing.

*930 III. Fraud and Misrepresentation

In their First Amended Complaint, the Mirons claim that Herbalife's distributorship is a "pyramid scheme" which is inherently fraudulent under *Webster v. Omnitrition International, Inc.,* 79 F.3d 776 (9th Cir.1996). In addition, the Mirons claim that Herbalife intentionally and negligently misrepresented the potential for the Mirons to "profit from their own goals, desires and personal effort."

[3] Federal and state law dictate that claims for fraud must be pled with particularity. *See* Fed.R.Civ.P. 9(b); *Stansfield v. Starkey,* 220 Cal.App.3d 59, 269 Cal.Rptr. 337, 345 (Cal.Ct.App.1990) ("Every element of the cause of action for fraud must be alleged ... with sufficient specificity to allow defendant to understand fully the nature of the charge made."). To allege fraud with particularity, a plaintiff must set forth what is false or misleading about a statement, and why it is false. *In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1548 (9th Cir.1994) (en banc). Moreover, to state a viable claim for misrepresentation, a plaintiff must show that the defendant did not intend to perform the promises at the time they were made. *Tarmann v. State Farm Mut. Auto. Ins. Co.,* 2 Cal.App.4th 153, 2 Cal.Rptr.2d 861, 863 (Cal.Ct.App.1991).

[4] The Mirons assert that "[t]he true facts were that the Herbalife marketing plan was nothing more than a sophisticated pyramid scheme" which caused "an inherent end to Plaintiffs' stream of income." But the Mirons fail to explain why Herbalife's system is a "pyramid scheme," or why it is inherently fraudulent. The Mirons' conclusory statements regarding Herbalife's multi-level marketing business are insufficient to satisfy the requirement for particularity in pleading fraud claims under federal and state law. *In re Verifone Sec. Litig.,* 11 F.3d 865, 868 (9th Cir.1993) ( "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.").

[5] The Mirons also allege that Herbalife made false statements in distributorship contracts and marketing materials, including representations regarding amassing great wealth and significantly profiting from goals. However, the Mirons fail to explain why the statements complained of were false or misleading. *See GlenFed,* 42 F.3d at 1548. To the contrary, the Mirons make admissions in their pleadings which substantially support the truth of the representations by Herbalife. Further, the Mirons fail to provide any facts which support that

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

11 Fed.Appx. 927                                                       Page 4
(Cite as: 11 Fed.Appx. 927, 2001 WL 564338 (9th Cir.(Cal.)))

the statements by Herbalife were false at the time they were made, or that Herbalife did not intend to perform the promises at the time they were made. *See Tarmann,* 2 Cal.Rptr. at 863. Therefore, the district court's dismissal of the Mirons' fraud and misrepresentation claims was proper.

IV. Business and Professions Code §§ 17200, 17500

**\*\*3** [6] The Mirons also appeal the district court's dismissal of their claim that Herbalife violated California Business and Professions Code Sections 17200 and 17500 because Herbalife's business structure is an inherently fraudulent pyramid scheme, and because the company reassigned the Mirons' downline distributors.

The Mirons' conclusory allegations about the existence of a pyramid scheme are not enough to support a claim for illegal business practices under Sections 17200 (unfair business practices) and 17500 (false advertising). *See Bennett v. Suncloud,* 56 Cal.App.4th 91, 65 Cal.Rptr.2d 80, 83 (Cal.Ct.App.1997) (dismissal of false advertising/unfair competition claim affirmed where plaintiff repeatedly failed to state claims with specificity). The Mirons failed **\*931** to explain why the statements attributed to Herbalife were false or deceptive. To the extent the Mirons complain that Herbalife's reassignment of their distributors violates the unfair competition laws, the Mirons have failed to assert how reassignment was deceptive or misleading, particularly in light of Herbalife's contractual rights to enforce rules against distributors. *See Samura v. Kaiser Foundation Health Plan, Inc.,* 17 Cal.App.4th 1284, 22 Cal.Rptr.2d 20, 29 n. 6 (Cal.Ct.App.1993) (Section 17200 "does not give the courts a general license to review the fairness of contracts but rather has been used to enjoin deceptive or sharp practices."). The district court properly dismissed the Mirons' Sections 17200 and 17500 claims.

Accordingly, the judgment of the district court is AFFIRMED.

11 Fed.Appx. 927, 2001 WL 564338 (9th Cir.(Cal.))

Briefs and Other Related Documents (Back to top)

• 2000 WL 33996453 (Appellate Brief) Appellants' Reply Brief (Jun. 14, 2000)Original Image of this Document (PDF)

• 2000 WL 33996455 (Appellate Brief) Brief of Appellee (May. 10, 2000)Original Image of this Document (PDF)

• 2000 WL 33996454 (Appellate Brief) Certificate of Service (Apr. 06, 2000)Original Image of this Document (PDF)

• 99-17647 (Docket)
(Dec. 23, 1999)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works