UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EVGENY OKMYANSKY,
    Plaintiff,

v.

HERBALIFE INTERNATIONAL OF
AMERICA, INC.,
    Defendant.

Civil Action No. 03-10574-JLT

## OPPOSITION OF DEFENDANT HERBALIFE INTERNATIONAL OF AMERICA, INC., TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON ISSUES SET FORTH IN THE JUNE 21, 2004 ORDER

Pursuant to this Court's June 21, 2004 Order (the "**Order**") and FED. R. CIV. P. 56(a), defendant Herbalife International of America, Inc. ("**Herbalife**"), hereby submits this its opposition to Plaintiff's Motion for Summary Judgment ("**Plaintiff's Summary Judgment Motion**") and the Declaration of Jackie Fisher Pursuant to FED. R. CIV. P. 56(f) ("**Fisher 56(f) Declaration**").[1]

A review of the contract between Plaintiff Evgeny Okmyansky ("**Okmyansky**" or "**Plaintiff**") and Herbalife in its entirety giving meaning to all its parts, demonstrates that the contract explicitly gave Herbalife sole and absolute discretion to resolve complaints regarding compensation in the case of Dual-distributorships, as defined below, and Okmyansky was never entitled to the payments which are the subject of his complaint. Moreover, Okmyansky has entirely failed to produce any evidence that he was damaged and the extent thereof, an essential

---

[1] As Phase Two of discovery has not commenced pursuant to this Court's January 7, 2004 Order ("**Scheduling Order**") and as the motions filed pursuant to the Scheduling Order relating to Phase One issues have not yet been considered by the Court, Herbalife reserves all of its rights with respect to any and all other defenses not set forth in the Order, including but not limited to statute of limitations and venue, and reserves the right to assert such defenses and file any other motions based on other grounds at the appropriate time, including but not limited to after the close of Phase Two of discovery.  See Scheduling Order, Exhibit 1 to the Declaration of Annapoorni R. Sankaran (hereinafter "**Sankaran Declaration**") previously filed July 12, 2004; Order, Exhibit 2 to Sankaran Declaration.

element of his case.  Under these circumstances, Okmyansky's motion for summary judgment

should be denied and judgment should be granted in Herbalife's favor on all counts of Plaintiff's

Amended Complaint.  Finally, to the extent this Court determines that the contract between

Okmyansky and Herbalife cannot be construed to give Herbalife the discretion to determine

whether to make the monetary adjustment at issue, summary judgment is inappropriate at this

time as Herbalife in entitled to additional discovery pursuant to FED. R. CIV. P. 56(f).

### **FACTS RELATED TO ISSUES RAISED IN THE JUNE 21, 2004 ORDER ONLY**

As a preliminary matter, it is important to note that in Plaintiff's Summary Judgment

Motion, Okmyansky failed to comply with the requirements of United States District Court for

the District of Massachusetts Local Rule 56.1 and did not include a statement of undisputed facts

which are the subject of his motion.[2]  Indeed, it is impossible to determine which facts

Okmyansky asserts are undisputed from his Motion For Summary Judgment and supporting

papers.  Pursuant to the terms of Local Rule 56.1, "failure to include such a statement constitutes

grounds for denial of the motion."  Local Rule 56.1; Shabazz v. Cole, 69 F. Supp. 2d 177, 185-

86 (D. Mass. 1999) (a party's "failure to submit a statement of undisputed material facts with

page references to affidavits and documentation provides an adequate basis to deny" the party's

motion); see also, Air Line Pilots Association v. Precision Valley Aviation, Inc., 26 F.3d 220,

224 (1st Cir. 1994) ("district courts are entitled to demand adherence to specific mandates

contained in the [local] rules").  As plaintiff is represented by counsel and is not *pro se*, there is

no reason to justify Okmyansky's failure to comply with this Court's rules.  Accordingly,

Herbalife requests that Plaintiff's Summary Judgment Motion be denied on this ground alone.

To the extent that this Court excuses plaintiff's violation of the Local Rules, Herbalife

---

[2] In addition, the Plaintiff also failed to comply with the Local Rules of this Court by failing to include a certificate
pursuant to Local Rule 7.1.

restates and incorporates by reference the facts set forth in the <u>Motion For Summary Judgment</u> <u>Of Defendant Herbalife International Of America, Inc., On Issues Set Forth In The June 21, 2004</u> Order ("**Defendant's Summary Judgment Motion**") filed on July 12, 2004.[3]

Before examining the undisputed terms of Plaintiff's Contract, it is important to note that Herbalife is not holding any of the monies which are the subject of Okmyanksy's complaint. <u>Fisher 56(f) Declaration</u> ¶9. Rather, to the extent it is determined that Okmyansky is owed anything, that money has been paid to other Herbalife distributors. <u>Id.</u>

## TERMS OF THE PLAINTIFF'S CONTRACT

It is undisputed that the contract between Herbalife and Okmyansky consists of the July 21, 1992 Distributor Agreement executed by Okmyansky and the Career Book which contains terms relating to compensation as well as the Rules of Conduct and Distributor Policies ("**Rules of Conduct**"). <u>See</u> Exhibit 4 to the <u>Declaration of Annapoorni R. Sankaran Declaration</u> filed July 12, 2004 ("hereinafter "<u>Sankaran Declaration</u>"); Transcript of the Deposition of Jackie Fisher ("Fisher Depo.") pp. 39-41, Exhibit 6 to <u>Sankaran Declaration</u>; <u>Memorandum Of Law In Support of Plaintiff's Motion For Summary Judgment</u> (hereinafter "**Plaintiff's Summary Judgment Memo**"), p. 2, n. 2.[4]

---

[3] All capitalized terms not otherwise defined herein are as defined in <u>Defendant's Summary Judgment Motion.</u>

[4] In <u>Plaintiff's Summary Judgment Memo</u>, Okmyansky erroneously states that Herbalife admitted that the version of the Career Book attached to the <u>Affidavit of Pavel Bespalko</u> forms part of the contract between Herbalife and Okmyansky. <u>Plaintiff's Summary Judgment Memo</u>, p.2, n.2. In the <u>Response of Defendant Herbalife International of America, Inc., to Plaintiff's Statement of Additional Undisputed Facts</u> ("**Herbalife's Response**") filed on June 14, 2004 in connection with a previously filed motion for summary judgment, Herbalife admitted that "With respect to paragraph 19 of Plaintiff's Statement, Herbalife admits that the Distributor Agreement, Rules of Conduct and Distributor Policies, and Sales and Marketing Plan are written documents which govern, in part, the relationship between the Plaintiff and Herbalife. <u>Herbalife</u> <u>denies</u> <u>the</u> <u>remaining</u> <u>allegations</u> <u>in</u> <u>paragraph</u> <u>19</u> <u>of</u> <u>Plaintiff's</u> <u>Statement.</u>" <u>Herbalife's Response</u> ¶19. Herbalife did not admit that the version appended to the <u>Bespalko Affidavit</u> was the only version which constituted part of the agreement between Okmyansky and Herbalife. Indeed, Jackie Fisher, one of Herbalife's FED. R. CIV. P. 30(b)(6) designees testified that the terms of the Career Book change from time to time. Fisher Depo. p. 41. Although this is disputed, it is immaterial to the cross motions for summary judgment before this Court as the parties do not dispute that the terms relevant for this Court's consideration remain relatively unchanged. <u>See</u> Exhibits 8-22 to <u>Sankaran Declaration</u>; <u>Plaintiff's Summary Judgment Memo</u>, p. 2, n. 2.

The parties[5] agree that Herbalife distributors, including Okmyansky, are compensated based on terms set forth in the Herbalife Career Book ("**Career Book**").  See Fisher Depo. pp. 39-41.  In addition, the parties do not dispute that the Career Book also contains Rules of Conduct which set forth various rules, policies and procedures which govern the relationship between Herbalife and its distributors.  See Exhibit 8 to Sankaran Declaration; Rules of Conduct, Exhibit A to Amended Complaint and Jury Demand ("**Amended Complaint**"), Exhibit 9 to Sankaran Declaration.  Further, there is no dispute that Okmyansky received a Career Book at the time he executed his Distributor Agreement.  Okmyansky Depo. pp. 28-29; Amended Complaint ¶8.

Pursuant to Rules of Conduct, which are invoked by Okmyansky in his Amended Complaint, Herbalife distributors are not permitted to be in the down-line of more than one sponsor ( "**Dual-distributorship**").

> An individual may have only one Herbalife Distributorship under one Sponsor.  A Distributor may only participate in the development of one Distributorship.  He is not permitted to retail, recruit, promote, train, educate or otherwise assist in the development of the Herbalife business, for any Distributorship other than his own, except to assist his downline organization, as is appropriate for a Sponsor.

Rules of Conduct, Rule 4-A, Exhibit A to First Amended Complaint.[6]

In the Plaintiff's Summary Judgment Memo, Okmyansky has made material misrepresentations to this Court about the other terms of Rules of Conduct which give Herbalife absolute discretion in assessing any violations of the Rules of Conduct, including violations of the rule preventing Dual-distributorships.   In the Plaintiff's Summary Judgment Memo,

---

[5] In Plaintiff's Summary Judgment Memo, Okmyansky uses the term parties to refer to Herbalife and all its affiliates and subsidiaries.  Plaintiff's Summary Judgment Memo, p. 1, n. 1.  However, Herbalife is the only entity that is a party to this litigation.  Accordingly Herbalife uses the term "parties" to refer to only those individuals and entities who have been named in this litigation.

[6] The Rules of Conduct as set forth herein are as they appear in the Rules of Conduct attached as "Exhibit A" to the Amended Complaint.  Rule 4-A is identical in all versions of the Rules of Conduct from January 1997 through October 1999.  See Exhibits 9-21 to Sankaran Declaration.

Okmyansky incorrectly states that the only portion of the Rules of Conduct upon which Herbalife relies for its claim that it has absolute discretion, is the Enforcement Procedures. This is simply not true. See e.g., Defendant's Response, ¶23 (quoting Rule 3-C). The Rules of Conduct speak for themselves and this Court's review will reveal that it is undisputed that there are at least four provisions of the Rules of Conduct which give Herbalife absolute discretion in the resolution of complaints of Dual-distributorships.

First, the Introduction on the first page of the Rules of Conduct, appended to Okmyansky's Amended Complaint, specifically states in BOLD typeface,

> **In its sole and absolute discretion, Herbalife may impose any remedy or sanction it determines best addresses any breach of the Rules of Conduct & Distributor Policies.   Herbalife also reserves the right in its absolute discretion to waive wholly or partially or to pardon or forgive wholly or partially any breach of any of the rules contained in this section.**

Rules of Conduct, Introduction, Exhibit A to First Amended Complaint (emphasis added) (bold in the original).[7]

Further, although Okmyansky neglected to reference it in Plaintiff's Summary Judgment Memo, the very rule quoted by Okmyansky in his Amended Complaint, Amended Complaint ¶12, provides,

> If Herbalife determines that an individual has signed an Application for Distributorship, or has worked or assisted in the development of another Distributorship as defined in these Rules of Conduct, while obligated to a prior distributorship, Herbalife has sole and absolute discretion to determine the disposition of both Distributorships, as well as any penalties or sanctions it deems necessary and appropriate for the Distributorship and Sponsoring Organization(s).

---

[7] The quoted portions of the introduction are identical to the versions of the Rules of Conduct in effect between March 1999 through October 1999. The quoted portion of the introduction was not present in the versions of the Rules of Conduct in effect between January 1994 through March 1999. However, the introductions to the Rules of Conduct in these versions did not contain contrary language. See Exhibits 9-21 to Sankaran Declaration.

Rules of Conduct, Rule 4-C, Exhibit A to <u>First Amended Complaint</u> (emphasis added).[8]   In

addition, (and also omitted from <u>Plaintiff's Summary Judgment Memo</u> but contained in the

document attached to Okmyansky's <u>Amended Complaint</u>) the Rules of Conduct specifically

state,

> Whenever there is a violation of the Herbalife Rules of Conduct and Distributor
> Policies and other rules and regulations and/or any procedures or directions issued
> by Herbalife, <u>Herbalife may in its sole discretion take whatever actions or
> measures it determines necessary and appropriate</u>, including but not limited to
> suspension of buying privileges, <u>suspension of earnings</u>, monetary fines or
> deletion or termination of the Distributorship.

Rules of Conduct, Rule 8-L, Exhibit A to <u>First Amended Complaint</u> (emphasis added).[9]

Finally, the Enforcement Procedures contained in the Rules of Conduct, (the only

provisions referenced in <u>Plaintiff's Summary Judgment Memo</u>) provide, in assessing complaints

for violations of the Rules of Conduct, "<u>[i]n its sole and absolute discretion, the Company</u>

<u>[Herbalife] may impose any remedy or sanction it determines best addresses the issue.</u>" Rules of

Conduct, Enforcement Procedure: Complaint Procedure (1)(G), Exhibit A to <u>First Amended</u>

<u>Complaint</u> (emphasis added).[10]   These are the undisputed terms of Okmyansky's contract which

give Herbalife absolute discretion in resolving complaints of Dual-distributorships.

Further, Okmyansky has entirely failed to produce any evidence that he was damaged and

the extent thereof, which is an essential element of his case.   Under these circumstances,

pursuant to the Order, Okmyansky's motion for summary judgment should be denied.   Judgment

should be granted in Herbalife's favor on all counts of Plaintiff's <u>Amended Complaint</u> in

accordance with Herbalife's cross motion for summary judgment.   To the extent this Court

---

[8] Rule 4-C is identical in all versions of the Rules of Conduct from January 1997 through October 1999.  <u>See</u> Exhibits 9-21 to <u>Sankaran Declaration.</u>

[9] Rule 8-L is identical in all versions of the Rules of Conduct from January 1997 through October 1999.  However, it appears as Rule 8-M in the versions of the Rules of Conduct in effect from January 1997 through June 1998. <u>See</u> Exhibits 9-21 to <u>Sankaran Declaration.</u>

[10] Enforcement Procedure G is identical in all versions of the Rules of Conduct from January 1997 through October 1999.  <u>See</u> Exhibits 9-21 to <u>Sankaran Declaration.</u>

determines that the subject contract cannot be construed to give Herbalife the discretion to decide to make the monetary adjustment at issue, summary judgment is inappropriate at this time pursuant to FED. R. CIV. P. 56(f) as Herbalife needs additional discovery regarding liability and damages.

**ARGUMENT**

**I.**   **THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANT SUMMARY JUDGMENT IN FAVOR OF HERBALIFE ON ALL OF PLAINTIFF'S CLAIMS.**

**A.**   **STANDARD FOR SUMMARY JUDGMENT.**

Herbalife refers this Court to the standard governing Summary judgment set forth in its Memorandum of Law in Support of Motion for Summary Judgment of Defendant Herbalife International of America, Inc., On Issues Set Forth In The June 21, 2004 Order ("**Herbalife's Cross Summary Judgment Memo**"), and reminds the Court, that in considering cross motions for summary judgment, "a court must rule on each motion independently, deciding in each instance whether the moving party has met its burden under Rule 56." Abrazinski v. DuBois, 940 F. Supp. 361, 363 (D. Mass. 1996). Drawing all inferences in favor of Herbalife on Plaintiff's Summary Judgment Motion, it must be denied.

**B.**   **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED AS OKMYANSKY WAS NEVER ENTITLED TO THE ROYALTIES AND COMMISSIONS AT ISSUE.**

**1.**   **Law Governing Okmyansky's Contract.**

This Court need not decide what law applies to plaintiff's claims. Where the law is the same in the contemplated jurisdictions, a court need not determine what law applies. "When a choice-of-law question has been reduced to the point where nothing turns on more precise refinement, that should be the end of the matter." Fashion House, Inc. v. K Mart Corporation,

892 F.2d 1076 (1st Cir. 1989). See Royal Bus. Group, Inc. v. Realist, Inc., 933 F.2d 1056, 1064

(1st Cir. 1991); American Employers' Insurance Company v. Swiss Reinsurance America

Corporation, 275 F.Supp.2d 29, 37 (D. Mass. 2003); Commercial Union Ins. Co. v. Swiss

Reinsurance Am. Corp., 2003 WL 1786863, *7 n. 6 (D. Mass. 2003). In Herbalife's Summary

Judgment Memo, Herbalife argued that California law applies to the contract which is the subject

of Okmyansky's complaint.[11]  Herbalife's Summary Judgment Memo, pp. 6-13.  In Plaintiff's

Summary Judgment Memo, Okmyansky presents no argument about the applicable law although

he argued that Massachusetts law applies to his claims in his previously filed opposition to

Herbalife's Summary Judgment Motion. Plaintiff's Summary Judgment Opposition, pp. 3-7. As

the law governing the issues set forth in the Order is the same under California and

Massachusetts law, this Court need not determine which law applies.[12]

### 2. Okmyansky Was Never Entitled to the Royalties and Commissions At Issue.

After parsing through the misrepresentations and other deficiencies of Plaintiff's

Summary Judgment Memo, it is clear that Okmyansky is essentially arguing that he is entitled to

summary judgment because (1) the portions of the Career Book relating to compensation and the

payment of commissions are unaffected by the other portions of the Career Book containing the

Rules of Conduct, and (2) the Enforcement Procedures of the Rules of Conduct do not allow

Herbalife to deny the commissions and royalties at issue. This is simply not the case. A reading

of the complete contract language in light of the applicable law reveals that Herbalife had sole

---

[11] If this Court determines that California and Massachusetts law do not produce the same result in this case, after engaging in the choice of law analysis, this Court should conclude that California law applies and that Herbalife is entitled to summary judgment as a matter of law on all claims of Plaintiff's Amended Complaint. For a complete discussion of the analysis of the choice of law applicable to Plaintiff's claims, Herbalife refers this Court to Herbalife's Summary Judgment Memo at pp. 6-13, Exhibit 24 to Sankaran Declaration.

[12] To the extent that this Court determines that Okmyansky waived the issue of choice of law by failing to raise it in Plaintiff's Summary Judgment Motion, California law should be deemed to apply. See Pure Distributors, Inc. v. Baker, 285 F.3d 150, 155, n. 3 (1st Cir. 2002) (party waived choice of law question by failing to flag the issue before the district court).

and absolute discretion to determine whether Okmyansky was entitled to the commissions and royalties at issue. Accordingly, Herbalife, and not Okmyansky, is entitled to judgment as a matter of law.

It is undisputed under both California and Massachusetts law all portions of a contract must be construed as a whole with meaning given to all the component parts.

> Any contract must be construed as a whole, with the various individual provisions interpreted together so as to give effect to all, if reasonably possible or practical. Courts must interpret contractual language in a manner which gives force and effect to *every* provision, and not in a way which renders some clauses nugatory, inoperative or meaningless.

City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 80 Cal.Rptr.2d 329, 68 Cal. App. 4th 445, 473-474 (Cal. App. 1st Dist. 1998) (citations omitted) (emphasis in the original). The law in Massachusetts is the same.

> A contract is to be construed to give reasonable effect to each of its provisions. McMahon v. Monarch Life Ins. Co., 345 Mass. 261, 264, 186 N.E.2d 827 (1962). "[E]very phrase and clause must be presumed to have been designedly employed, and must be given meaning and effect, whenever practicable, when construed with all the other phraseology contained in the instrument, which must be considered as a workable and harmonious means for carrying out and effectuating the intent of the parties." Charles I. Hosmer, Inc. v. Commonwealth, 302 Mass. 495, 501, 19 N.E.2d 800 (1939).

J.A. Sullivan Corporation v. Commonwealth, 397 Mass. 789, 795, 494 N.E.2d 374, 378 (1986). Therefore, all portions of Okmyansky's contract, including the Rules on Conduct, must be read together giving meaning to all its parts.

Further, as set forth in Herbalife's Cross Summary Judgment Memo, the law is clear that where a party specifically reserves the right to determine whether payments should be made under a contract in its sole and absolute discretion, it may exercise its discretion how it pleases. We are fortunate in this case that the United States Court of Appeals for the Ninth Circuit ("**Ninth Circuit**"), in an unreported case, applying California law had occasion to examine the

law with respect to <u>an Herbalife contract virtually identical to Okmyansky's and similar factual situation</u>. Similar to Okmyansky's claims, in <u>Miron v. Herbalife International of America, Inc.</u>, 11 Fed.Appx. 927, 2001 WL 564338 (9th Cir. 2001),[13] the Ninth Circuit reviewed the District Court's dismissal of claims brought by Herbalife distributors against Herbalife where the distributors claimed that Herbalife (a) reassigned the plaintiffs' downline distributors and (b) refused to pay royalties and bonuses on those reassigned distributors. <u>Miron</u>, 11 Fed.Appx. at 929, 2001 WL 564338 *1. The Court found that the District Court properly dismissed, *inter alia*, the claim for breach of contract and breach of the implied covenant of good faith and fair dealing.[14] <u>Miron</u>, 11 Fed.Appx. at 929, 2001 WL 564338 *1-2. The Court reasoned that there was no breach of contract or the implied covenant of good faith and fair dealing because "<u>a party cannot be held liable for doing what is expressly permitted in an agreement or what is within the parties' reasonable expectations</u>." <u>Id.</u> (emphasis added) (citing <u>Carma Developers (California), Inc. v. Marathon Development California</u>, 826 P.2d 710, 728, 6 Cal. Rptr. 2d 467, 486 (Ca. 1992)). Since Herbalife had the right to enforce the Rules of Conduct under the contract, the Court concluded that the plaintiffs "cannot claim that they did not reasonably expect that Herbalife reserved rights under the contract to unilaterally take actions against distributors." <u>Id.</u> <u>Carma Developers,</u> cited by the Ninth Circuit, specifically holds:

> In the case of a discretionary power, it has been suggested . . . the party holding such power [may]. . . exercise it "<u>for any purpose within the reasonable contemplation of the parties at the time of formation--to capture opportunities that were preserved upon entering the contract</u>, interpreted objectively." (Burton, *Breach of Contract and the Common Law Duty to Perform in Good Faith* (1980) 94 Harv.L.Rev. at p. 373, fn. omitted.)

<u>Carma Developers</u>, 826 P.2d  at 727, 6 Cal. Rptr.2d at 485 (emphasis added).  The law in

---

[13] <u>See</u> Exhibit 28 to <u>Sankaran Declaration.</u>
[14] Okmyansky's <u>Amended Complaint</u> contains no count for breach of the covenant of good faith and fair dealing and contains not one allegation that Herbalife acted in bad faith.

Massachusetts is the same.  See Accusoft Corporation v. Palo, 237 F.3d 31, 45 (1st Cir. 2001)

("good-faith performance ultimately is circumscribed by the obligations . . . actually contained in

the agreement"); Dunkin' Donuts Incorporated v. Gav-Stra Donuts, Inc., 139 F.Supp.2d 147, 156

(D. Mass. 2001) ("the implied covenant of good faith cannot override the express terms of a

contract").   Therefore, as long as the parties reasonably contemplated that in resolving

complaints of Dual-distributorships, Herbalife had discretionary authority before any payments

of commissions or royalties could be made, there can be no finding, as a matter of law, in favor

of the plaintiff.

Okmyansky's argument that Herbalife has no discretion under Okmyansky's contract to

decide whether to make payments of commissions and royalties when resolving a complaint of a

Dual-distributorship ignores essential terms of the contract.  As explained above, contract terms

must be read together giving meaning to all the parts and rendering no portion inoperative.  City

of Atascadero, 80 Cal.Rptr.2d 329, 68 Cal. App. 4th at 473-474; J.A. Sullivan Corporation, 397

Mass. at  795, 494 N.E.2d at 378.  Therefore, the provisions of the Career Book relating to

compensation must be read together with Rules of Conduct.  Indeed, it is the Rules of Conduct

prohibiting Dual-distributorships which the plaintiff invokes as the basis of his complaints.  See

Amended Complaint ¶12.  The Rules of Conduct is the only portion of Okmyansky's contract

which relates to how complaints of Dual-distributorships can be resolved.  Compare Exhibit 7 to

Sankaran Declaration to Exhibit A to Amended Complaint.  Therefore, the Rules of Conduct

must be considered in the resolution of Plaintiff's claims.

Herbalife's discretionary authority to resolve cases of Dual-distributorships is clearly

spelled out in Okmyansky's contract, and therefore Plaintiff's motion for summary judgment

should be denied and Herbalife is entitled to summary judgment on all counts of the Amended

Complaint. Although Okmyansky attempts to misrepresent the terms of plaintiff's contract to this Court, it cannot be disputed that Herbalife has sole and absolute discretion to determine the resolution of Dual-distributorships. The Introduction of the Rules of Conduct, which is appended to plaintiff's Amended Complaint but which Plaintiff neglects to discuss in Plaintiff's Summary Judgment Memo, specifically states in BOLD typeface,

> **In its <u>sole</u> <u>and</u> <u>absolute</u> <u>discretion</u>, Herbalife <u>may</u> <u>impose</u> <u>any</u> <u>remedy</u> <u>or</u> <u>sanction</u> it <u>determines</u> <u>best</u> <u>addresses</u> <u>any</u> <u>breach</u> <u>of</u> <u>the</u> Rules <u>of</u> <u>Conduct</u> <u>&</u> Distributor Policies.  Herbalife also reserves the right in its <u>absolute</u> <u>discretion</u> to waive wholly or partially or to pardon or forgive wholly or partially any breach of any of the rules contained in this section.**

Rules of Conduct, Introduction, Exhibit A to First Amended Complaint (emphasis added) (bold in the original).  The rule specifically relating to dual distributorships, referenced in and attached to plaintiff's very own Amended Complaint but also omitted from Plaintiff's Summary Judgment Memo, unequivocally states

> If Herbalife determines that an individual has signed an Application for Distributorship, or has worked or assisted in the development of another Distributorship as defined in these Rules of Conduct, while obligated to a prior distributorship, <u>Herbalife has sole and absolute discretion to determine the disposition of both Distributorships</u>, as well as any penalties or sanctions it deems necessary and appropriate for the Distributorship and Sponsoring Organization(s).

Rules of Conduct, Rule 4-C, Exhibit A to First Amended Complaint (emphasis added). Furthermore, the rule relating specifically to distributor conduct, which Okmyansky neglects to discuss in Plaintiff's Summary Judgment Memo, provides:

> Whenever there is a violation of the Herbalife Rules of Conduct and Distributor Policies and other rules and regulations and/or any procedures or directions issued by Herbalife, <u>Herbalife may in its sole discretion take whatever actions or measures it determines necessary and appropriate</u>, including but not limited to suspension of buying privileges, suspension of earnings, monetary fines or deletion or termination of the Distributorship.

Rules of Conduct, Rule 8-L, Exhibit A to First Amended Complaint (emphasis added).  Finally,

the Enforcement Procedures of the Rules of Conduct, state that in assessing complaints for violations of the Rules of Conduct, "[i]n its sole and absolute discretion, the Company [Herbalife] may impose any remedy or sanction it determines best addresses the issue." Rules of Conduct, Enforcement Procedure: Complaint Procedure (1)(G), Exhibit A to First Amended Complaint (emphasis added). Based on these terms, there can be no doubt that Herbalife specifically reserved the right to exercise discretion in deciding whether to make payments of, *inter alia*, commissions and royalties when resolving a Dual-distributorship violation. Indeed, based on this contract language, Herbalife's exercise of discretion in deciding to make such a payment is a condition precedent to the plaintiff receiving the payment. See Rule 4-C; Complaint Procedure (1)(G), Exhibit A to First Amended Complaint.

Plaintiff contends that the Rules on Conduct only apply to the wrongdoer and that the term "remedy" as set forth in the Enforcement Procedures of the Rules of Conduct does not permit Herbalife to deny Okmyansky the commissions and royalties at issue. See Plaintiff's Summary Judgment Memo, pp. 6-8. This argument is disingenuous based on the express terms of the contract.

- The very rule quoted by the Plaintiff in his Amended Complaint provides that in resolving cases of Dual-distributorships, "Herbalife has sole and absolute discretion to determine the disposition of both Distributorships." Rule 4-C, Exhibit A to Amended Complaint (emphasis added). This rule clearly indicates that it was contemplated by the parties that Herbalife reserved the discretion to determine the "disposition" of "both" Distributorships, not just the purported "wrongdoer." This language encompasses actions taken by Herbalife which affect both the complainant's distributorship as well as the other distributorship which is the subject of the complaint.

- Further, the rule relating to violations of the Rules of Conduct provides "Herbalife may in its sole discretion take whatever actions or measures it determines necessary and appropriate, including but not limited to suspension of buying privileges, suspension of earnings, monetary fines or deletion or termination of the Distributorship." Rules of Conduct Rule 8-L, Exhibit A to Amended Complaint. This rule unequivocally provides that Herbalife has sole and absolute

discretion to take whatever action Herbalife deems necessary and appropriate in cases of Dual-distributorships and expressly reserves the right to suspend earnings. Id.

- Finally, both the Introduction and the Enforcement Procedures provide that Herbalife in its sole and absolute discretion "may impose any remedy . . . it determines best addresses" the complaint of Dual-distributorships. A "remedy" is defined as "the means by which a right is enforced or the violation of a right is prevented, redressed, or compensated." BLACK'S LAW DICTIONARY 1294 (6th ed. 1990). The contract language clearly states that the choice of the "remedy" is in the sole discretion of Herbalife and accordingly, this language encompasses Herbalife's decision to determine whether a distributor is entitled to a monetary adjustment when resolving complaints of Dual-distributorships.

Based on a review of these contract provisions, there can be no argument that Okmyansky did not reasonably contemplate that Herbalife could exercise discretion in deciding whether to make a payment in assessing a Dual-distributorship Complaint. See Miron, 11 Fed.Appx. at 929, 2001 WL 564338 *1-2 (where contract specifically provided that Herbalife had discretion to enforce Rules of Conduct, plaintiffs "cannot claim that they did not reasonably expect that Herbalife reserved rights under the contract to unilaterally take actions against distributors").

In viewing the plain language of the Rules of Conduct, which Okmyansky claims is the only necessary exercise for the resolution of his claim, it is undeniable that Herbalife specifically contracted to have sole and absolute discretion in deciding whether to make payments as a remedy in cases of Dual-distributorships. Prior to Okmyansky being entitled to receive a payment of royalties and commissions, Herbalife must first exercise its discretion and determine that payment should be made. It did not make that decision in Okmyansky's case. Okmyansky cannot now claim that he did not reasonably contemplate that payment could be denied as the provisions of the contract are clear. See Rules of Conduct, Introduction, Rule 4-C, 8-L and Enforcement Procedures. This case stands on all fours with the unreported decision in Miron,

and there is no reason to deviate from its reasoning here.[15]   In <u>Miron</u>, the Herbalife distributors

complained that Herbalife had not (a) transferred certain distributors to their downline and (b)

paid them certain commissions attributable to those individuals.   <u>Miron</u>, 11 Fed.Appx. at 929,

2001 WL 564338 *1-2.   The Ninth Circuit determined that the language in the Rules of Conduct

gave Herbalife discretion to make those two decisions.   <u>Id.</u>   Under the circumstances,

Okmyansky was never entitled to the "royalties and commissions at issue" as Herbalife had sole

and absolute discretion in making decisions regarding monetary adjustments in the case of Dual-

distributorships.   Accordingly, Plaintiff's Motion for Summary Judgment should be denied and

Herbalife is entitled to judgment as a matter of law on all claims in plaintiff's Amended

Complaint.

### 3. Okmyansky Failed To Prove Damage Which Is An Essential Element Of His Claim.

It is well settled under both California and Massachusetts law that the plaintiff bears the

burden of proof to establish damages for a breach of contract claim.   <u>Road Sprinkler Fitters</u>

<u>Local Union No. 699 v. G & G Fire Sprinklers, Inc.</u>, 125 Cal. Rptr. 2d 804, 811 (Cal. Ct. App.

2002) ("a party has the burden of proof as to each fact the existence or nonexistence of which is

essential to the claim for relief or defense that he is asserting") (citing CAL. EVID. CODE §500);

<u>First Commercial Mortgage Company v. Reece</u>, 108 Cal. Rptr. 2d 23, 34 (Cal. Ct. App. 2001)

("the elements of the cause of action [for breach of contract] are the existence of the contract,

performance by the plaintiff or excuse of nonperformance, breach by the defendant and

damages"); <u>Eastern Advertising v. Shapiro</u>, 263 Mass. 228, 231, 161 N.E. 240, 242 (1928) ("It is

elementary that in an action brought for breach of contract the burden is on the plaintiff to prove

---

[15] Indeed, in <u>Miron</u>, the Ninth Circuit upheld the dismissal of a complaint pursuant to FED. R. CIV. P. 12(b)(6).  In this case, the plaintiff has had the benefit of Phase One discovery and has stated that he needs no additional discovery.   <u>Plaintiff's Venue Opposition</u>, p. 3.  The Ninth Circuit in <u>Miron</u> construed the same contract language as Okmyansky's contract in a factual situation virtually identical.

the damages alleged to have been sustained."). The defendant has not even attempted to sustain this burden and accordingly his motion for summary judgment should be denied.

In Plaintiff's Summary Judgment Memo, Okmyansky argues that his damages are not a triable issue, presumably because he claims there is no dispute at to this issue. See Plaintiff's Summary Judgment Memo pp. 8-10. Yet, Okmyansky proffers no evidence as to whether he was damaged or what those damages are. It is Okmyansky's burden alone to establish these elements of his claim which he has not even attempted to do. Further, in Plaintiff's Venue Opposition, Okmyansky stated that he needs no additional discovery on any issue. "The only substantive issue in this lawsuit is the justification, if any, for the defendant's refusal to pay the plaintiff his commissions, dividends, and royalties with respect to these individuals. It is a pure issue of law involving the interpretation of a written contract, and will require virtually no testimony or evidence other than documentary evidence already exchanged." Plaintiff's Venue Opposition, p. 3 (emphasis added). Therefore, because plaintiff claims that he needs no additional discovery and because he has entirely failed to establish that he was damaged or the amount of his damages, Okmyansky's motion for summary judgment should be denied and judgment should be granted in favor of Herbalife on all claims in the Amended Complaint.

4.   **To The Extent This Court Determines That Okmyansky's Contract Cannot Be Construed To Give Herbalife Discretion Whether To Make Monetary Adjustments In The Case Of A Dual-Distributorship, Herbalife Is Entitled To Additional Discovery Pursuant to FED. R. CIV. P. 56(f).**

It is well settled that summary judgment is inappropriate where a party has had insufficient opportunity to conduct necessary discovery.

> . . . [T]rial courts should refrain from entertaining summary judgment motions until after the parties have had a sufficient opportunity to conduct necessary discovery. . . . . It follows that when a party moves for summary judgment, the opposing party must be afforded a fair chance to obtain and synthesize available information before being required to file an opposition. . . .

Valez v. Awning Windows, Inc., __ F.3d __, 2004 WL 1554450 *3-4 (1st Cir. 2004) (citations

omitted). In addition,

> A strong presumption arises in favor of discovery where the party seeking
> discovery articulates a plausible need for the discovery, makes a timely proffer,
> shows good cause for not conducting the discovery earlier, and demonstrates that
> the facts are discoverable within a reasonable amount of time and, if adduced, will
> influence the outcome of the pending summary judgment motion.

John Beaudette, Inc. v. Sentry Insurance Mutual Company, 94 F. Supp. 2d 77, 129 (D. Mass.

1999). Because Herbalife has not been permitted to conduct discovery on liability and damages

in this matter, summary judgment is inappropriate at this time.

Although Herbalife contends that Plaintiff's motion for summary judgment should be

denied based on the grounds articulated above (and Herbalife's cross motion for summary

judgment granted), to the extent the Court determines that the contract between Okmyansky and

Herbalife did not give Herbalife the discretion to make monetary adjustments in the case of

Dual-distributorships, pursuant to FED. R. CIV. P. 56(f), Herbalife is entitled to conduct Phase II

discovery on liability and damages before it can respond to the plaintiff's Summary Judgment

Motion.[16] In Plaintiff's Summary Judgment Memo Okmyansky argues (1) Herbalife's claim that

it needs to take discovery to determine if the orders placed by the Russian distributors at issue

were genuine is speculation, (2) Okmyansky's damages can be calculated at the "touch of a

---

[16] As this Court is well aware, in response to a joint motion filed by the parties, in the Scheduling Order of January 7, 2004, this Court ordered that discovery in this matter be bifurcated in two phases. Exhibit 1 to Sankaran Declaration. In Phase One, the parties were to conduct discovery on issues relating to venue, choice of law and statute of limitations. Id. In Phase Two, the parties are to conduct discovery on the merits of the case. Id. Between January 7, 2004 and May 14, 2004, the parties engaged in discovery on Phase One issues. On or about May 14, 2004, pursuant to the Scheduling Order, Herbalife filed its Phase One Motions. At the hearing on Herbalife's Phase One Motions, this Court ordered that prior to considering Herbalife's Phase One Motions and prior to engaging in Phase Two of discovery pursuant to the Scheduling Order, the parties are to file cross-motions for summary judgment solely on the "contractual issue of whether Defendant had authority to refuse to pay Plaintiff the commissions and bonuses in issue." Order, Exhibit B to Sankaran Declaration. As the parties are in the process of submitting their cross motions with supporting papers, Phase II of discovery relating to the merits of plaintiff's claims has yet to begin.

computer button," and (3) Herbalife maintains a web site that would provide for "automatic" calculation of Okmyansky's damages, and accordingly, there is no dispute at to these issues. See Plaintiff's Summary Judgment Memo pp. 8-10. Besides ignoring the fact that Okmyansky bears the burden of proof as to these matters, his contentions are simply not true. As stated previously, Herbalife is not holding any of the monies which are the subject of Okmyanksy's complaint, as all commissions or royalties at issue have been paid to other distributors. Fisher 56(f) Declaration ¶9. As set forth in the Fisher 56(f) Declaration, Herbalife needs to take discovery regarding the orders placed by the individuals which are the subject of Okmyansky's complaint. Fisher 56(f) Declaration ¶11(a). Herbalife needs to determine whether these orders were appropriately placed so that any volume attributed thereto is correctly calculated as this will affect the calculation of Okmyansky's damages if any. Id. In addition, Herbalife needs discovery regarding whether the individuals who are the subject of Okmyansky's Amended Complaint would have earned the same volume in the downline of Okmyansky as they did in the downline of another. Fisher 56(f) Declaration ¶11(b). This information is germane as to whether and to what extent Okmyansky was actually damaged. Id. Moreover, any monies purportedly owed to the Plaintiff were paid to the sponsors of the individuals who are the subject of Plaintiff's Amended Complaint and Herbalife is not holding these sums. Fisher 56(f) Declaration ¶¶9, 11(c). In cases where Herbalife in its sole and absolute discretion has decided to make a monetary adjustment in Dual-distributorship cases, Herbalife generally first collects those sums from the upline lineage of the dual distributors before it reallocates those monies to another distributor. Fisher 56(f) Declaration ¶¶7, 11(c). Herbalife would need discovery to determine whether any of the alleged sums which are potentially the subject of Plaintiff's Amended Complaint are collectible at this time.[17] Fisher 56(f) Declaration ¶11(c). Discovery on

---

[17] On prior review of the file, it was determined that certain sums were uncollectible and therefore could not be paid

these issues entails Herbalife obtaining information from the individuals who are the subject of Okmyansky's Amended Complaint as well as their organizations as the necessary information is not within Herbalife's files.    Fisher Declaration ¶11(a)-(c).    Furthermore, to the extent the terms of Okmyansky's contract are considered in any way ambiguous, Herbalife will need to take discovery of Okmyansky and former Herbalife employees with respect to any communications regarding the terms of the contract.  Fisher 56(f) Declaration ¶12.  As there is significant discovery to be done on the issues of liability and damages, summary judgment at this time is inappropriate.

Moreover, it is not the case that Okmyansky's damages can be calculated at the "touch of a computer button."[18]  Calculation of any damages purportedly suffered by Okmyansky is an entirely manual process.  Fisher 56(f) Declaration ¶10.    Calculation requires determining the volume of each particular individual who is the subject of the Plaintiff's complaint, transferring it to Plaintiff's volume based on appropriate time periods, and determining Plaintiff's qualifications during those periods.  Id.  Herbalife's computer systems do not automatically do this and it must be done by hand by an individual at Herbalife.  Id.  For example, the documents attached as Exhibit D to the Affidavit of Pavel Bespalko, although based in part on information maintained in Herbalife computer systems, were generated by manual computation.  Id.    In addition, although Herbalife maintains computer information regarding the volume generated by Herbalife distributors in its computer systems, such as that information which is available to distributors at the internet website www.myherbalife.com, as explained above, calculation of damages, if any, related to Dual-distributorships is a manual process.  Id.  This manual calculation can only be performed after Herbalife has completed discovery and determined what

---

to the Plaintiff.  Exhibit 1 to Declaration of Jackie Fisher previously filed on July 12, 2004.
[18] In Plaintiff's Summary Judgment Memo, Okmyansky fails to identify exactly which button he claims Herbalife can touch to generate data regarding Okmyansky's purported damages.

if any volume is attributable to the subject distributors.   <u>Fisher 56(f) Declaration</u> ¶11.
Accordingly, <u>Plaintiff's Summary Judgment Motion</u> should be denied as Herbalife is entitled to
additional discovery on these issues.

<u>CONCLUSION</u>

Based on the foregoing and the terms of this Court's June 21, 2004 Order, Defendant
Herbalife International of America, Inc., respectfully requests that this Court deny plaintiff's
motion for summary judgment and grant summary judgment in Herbalife's favor on all claims
asserted by Plaintiff Evgeny Okmyansky in his <u>First Amended Complaint</u>.   In the alternative,
Herbalife requests that this Court permit Herbalife to take the requested discovery and
supplement its Motion for Summary Judgment on Issues Set Forth In The June 21, 2004 Order,
and its opposition to Plaintiff's Summary Judgment Motion at the close of discovery.   Before
such discovery, Herbalife requests that the Court reconsider the <u>Motion of Defendant Herbalife
International of America, Inc., To Transfer Venue Pursuant to 28 U.S.C. § 1404(a)</u>, and the
<u>Motion for Summary Judgment of Defendant Herbalife International of America, Inc.</u>,
previously filed with this Court on May 14, 2004.

<u>REQUEST FOR ORAL ARGUMENT</u>

Pursuant to Local Rule 7.1(D), defendant Herbalife International of America, Inc.,
respectfully requests an oral argument on Plaintiff's Motion For Summary Judgment on issues
set forth in the June 21, 2004 Order ("**Defendant's Summary Judgment Motion**").

**RESPECTFULLY SUBMITTED:**
HERBALIFE INTERNATIONAL OF AMERICA, INC.,
Defendant, By its attorneys:
/s/ Annapoorni R. Sankaran
Gary R. Greenberg, BBO #209420
Annapoorni R. Sankaran, BBO #631065
Courtney B. Pillsbury, BBO #651549
GREENBERG TRAURIG, LLP
One International Place
Boston, MA 02110
(617) 310-6000

CERTIFICATE OF SERVICE

I Annapoorni R. Sankaran, hereby certify that on July 26, 2004, I served a copy of the foregoing by hand upon: Joel Z. Eigerman, Esq., Pavel Bespalko, Esq., Law Officers of Joel Z. Eigerman, Esq., 50 Congress Street, Boston, MA  02109.

/s/ Annapoorni R. Sankaran
Annapoorni R. Sankaran